LANSING S. WELLS, Appellant, *v.* WILLIAM E. HEAD, Appellee.

APPEAL FROM JERSEY.

In an action of trespass for injury to personal property, it is not error to refuse to instruct the jury that if they have a reasonable doubt of the guilt of the defendant, they must find for him. Such a case depends upon the preponderance of the evidence offered and its credibility.

THIS was an action of trespass, for shooting a mare, of which shooting she died. The declaration is in the usual form, and a plea of general issue, and change of venue from Madison county to Jersey county for trial.

Upon the trial of the suit before a jury, the plaintiff below introduced evidence tending to prove the defendant guilty of the trespass as alleged.

After the closing of evidence, the defendant asked the court to give the following instruction: " The court is requested to

Wells *v.* Head.

instruct the jury that if they have a reasonable doubt of the guilt of the defendant, they must find for the defendant," which instruction the court refused to give and defendant below excepted.

The jury returned a verdict for the plaintiff for $180.66, and the defendant asked for a new trial, which was denied.

The defendant prayed an appeal.

The appellant assigns the following errors :

1st.   The court refused to give to the jury the instruction as asked for by the appellant.

2nd.   That the court refused to set aside the verdict of the jury and grant a new trial.

This cause was tried before WOODSON, Judge, at May term, 1855, of the Jersey Circuit Court.

S. T. SAWYER, for Appellant.

H. BILLINGS and J. GILLESPIE, for Appellee.

CATON, J.   Unless we are inclined to overrule our decision in the case of *Webster* v. *The People*, 14 Ill. 365, this judgment must be affirmed.   In that case this question and the whole of it is expressly decided, and in a stronger case than this.   That was an action of debt on a penal statute brought in the name of the State.   This is a mere action of trespass brought by one citizen against another.   There is no reason why the proof should be any stronger in this case than as if the action were trover, replevin or detinue, or even a simple action of assumpsit.   It is a simple question of right between two men. One asserts a right which the other denies.   The question is, in whose favor is the balance of proof ?   Does the plaintiff convince the judgment that the right which he claims is with him, or that the defendant has done him the injury of what he complains ?   If it is proved by the same measure of evidence which would be sufficient in any other civil controversy, that is sufficient. · The Circuit Court committed no error, and the judgment must be affirmed.

SKINNER, J.   The trespass alleged in the plaintiff's declaration does not amount to a charge of crime, or aver facts constituting in law a crime.   Crime therefore not being directly imputed to the defendant, no presumption of innocence is involved, and a preponderance of evidence is sufficient to sustain the verdict.

*Judgment affirmed.*