THOMAS W. ELLIOTT *et al.*

*v.*

SAMUEL D. BLAIR *et al.*

1. ALTERATION—*whether material.* Where a promissory note was made payable to Thomas P. Warrick, and the holder of the note altered the same, by adding to the name of the payee, the words, " & Co," it was *held,* that such alteration, was in no respect material to the maker of the note, as it did not appear his liability was affected thereby.

2. SAME—*effect upon the right of recovery.* If the alteration were material, but not fraudulently done, the party may recover upon the original consideration. But a fraudulent alteration, not only avoids the note, but prevents a recovery upon the original consideration also.

3. So, upon a bill to foreclose a mortgage given to secure such note, the alteration, whether material or not, but not being made with a fraudulent purpose, the decree of foreclosure was properly entered, there being proof of the original consideration for which such note was given.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The opinion states the case.

Messrs. TANNER & CASEY and Mr. C. A. BEECHER, for the plaintiffs in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill to foreclose a mortgage, and a decree was resisted on the ground that the notes secured by the mortgage had been altered. The notes were originally payable to Thomas P. Warrick, and they appeared to have been altered so as to be payable to Thomas P. Warrick & Co., the words " & Co.," having been added in a different ink and writing. These words were stricken out by the attorney of com-

plainant. The notes and mortgage were originally given to Warrick, who had since died, and this suit was brought by his administrators. It was proved that the words, " & Co.," were not in the handwriting of Warrick. Proof was given, independently of the notes, that the defendant was indebted to Warrick in the amount specified in the notes and mortgage, and on that point there was no controversy. The circuit court rendered a decree for complainant.

In doing this the court did not err. There is nothing disclosed by this record .which would make this alteration in any way material to the maker of the notes. His liability is not affected. But even regarding the alteration as material, we cannot conceive it to have been fraudulently made, and in such cases the rule is properly laid down, in 2 Parsons on Notes and Bills, 571, that a party may recover on the original consideration. A fraudulent alteration not only avoids the note, but prevents a recovery upon the original consideration, but there is no reason why an alteration, made without any intent to injure or defraud, should have any other effect than to prevent a recovery upon the note itself by destroying its validity as evidence. In the case before us, the debt was created by the sale of the premises to the defendant, upon which he gave back a mortgage to secure a part of the purchase money. The notes were merely the evidence of this debt, but the debt itself, independently of the notes, is proven by thé recitals of the mortgage and the parol evidence given on the hearing, as to the manner in which the debt originated.

That the alteration of the notes was not fraudulently made, is fairly inferrible from the facts of the case. It was not of a character to change the liability of the maker of the notes, and was prejudicial to the payee, as it went to show that the notes belonged to the firm of which he was a member, instead of to himself. The added words are not in his handwriting, and they may have been placed there without his knowledge. As he is dead, no explanation can be given, but as no possible

advantage could accrue to him from the alteration, and no harm to the maker, it is but reasonable to presume the alteration was made without fraudulent intent, and to allow the mortgage to be foreclosed for the payment of the debt which both mortgage and notes were given to secure.

*Decree affirmed.*