GORDEN vs. ROBERTSON and others.

*February 5 — February 24, 1880.*

*Alteration of Promissory Note.*

1. An alteration of a note after execution, not made with fraudulent intent, by the person claiming under it, or with his consent, will not invalidate the instrument.
2. The effect of a fraudulent alteration upon the payee's right to maintain an action upon the original indebtedness for which the note was given, not here considered.

APPEAL from the Circuit Court for *Monroe* County.

Action against *Nicol Robertson*, *Elizabeth* his wife, and *B..E. McCoy*, to foreclose a mortgage, and for a personal judgment against *Nicol Robertson* upon the note secured thereby, for any deficiency. The facts found by the court were as follows:

On the 1st of February, 1873, plaintiff loaned *Nicol Robertson* $500. To secure repayment of that sum four years from that day, with interest at ten per cent. per annum, *Robertson and wife* executed to plaintiff the note and mortgage described in the complaint. Afterwards, and before March 1, 1875, without the authority or knowledge of the defendants, the note was altered by adding to the provision for interest therein, the words "payable annually." This alteration was made while the note was in plaintiff's custody or control, and was made in his interest and for the purpose of enabling him to recover the interest on said note sooner than it became due by the terms of the note. About March 1, 1875, plaintiff commenced an action to foreclose the mortgage for the amount of interest then appearing to be due upon the note as altered; but, upon defendants setting up such alteration as a defense, the action was discontinued. Before the commencement of the present action, the words "payable annually" were erased from the note, while it was in plaint-

iff's custody or control, and without defendant's knowledge or consent. The defendant *McCoy* bought the mortgaged premises after the recording of the mortgage. About May 15, 1874, *Robertson* paid $100 on the note, and no other sum has been paid thereon.

On these facts the court held, as conclusions of law, that by said alteration the note became void; that the subsequent erasure did not restore its validity; that the alteration did not extinguish the original debt for which the note was given; that the mortgage is a security for the debt, and not merely for the note; and that plaintiff was entitled to a judgment of foreclosure and sale for the amount of the original loan with lawful interest (after deducting the payment made), with costs, etc. From a judgment in accordance with the decision, the defendants appealed.

For the appellants, there was a brief by *Graham & Helms* and *Bleekman & Bloomingdale,* and oral argument by *Mr. Graham* and *Mr. Bleekman.*

For the respondent, there was a brief by *Morrow & Masters,* and oral argument by *Mr. Morrow.*

COLE, J. The findings of fact fail to sustain the line of defense set up in the answer. That defense is, that, after the execution of the note and mortgage, the plaintiff, fraudulently and with intent to cheat and wrong the defendants, altered the note by adding thereto words which made the interest "payable annually;" and that, after discontinuing the action which was commenced to foreclose the mortgage for the interest which appeared to be due, the words "payable annually," which had been fraudulently inserted, were falsely and skillfully erased, so as to restore the note to its original condition. Now it is claimed by the learned counsel for the defendants, that such a fraudulent change and alteration of the note destroyed the instrument and extinguished the debt for which it was given. If the evidence satisfactorily showed — as we

think it does not — that the alteration was made by the plaintiff, or by another with his knowledge and consent, with a fraudulent purpose, we should have to determine the question as to the effect of such an alteration upon the securities. We are not aware that this precise question has ever been passed upon by this court, and the view which we take of the testimony renders it unnecessary to decide it now.

We infer, from some remarks in the opinion of the learned circuit judge which was filed in this cause, that he deemed it unimportant, under our decisions, whether the alteration was made, by the party claiming under the instrument, with or without a fraudulent intent; that still there could be a recovery upon the original consideration. But the case of *Matteson v. Ellsworth*, 33 Wis., 488, which is referred to in support of that view, does not lay down any such doctrine, whatever may be the logical result of the decision. There the effect of an alteration of a promissory note by the payee, without the consent of the maker, made under an honest mistake of right, was considered; and it was held that such an alteration would not prevent a recovery on the original consideration. But in that case there was no question that, if the note had been altered by the plaintiff, it was done innocently, for the purpose of making the amount of the note conform to the contract as she understood it. The court did not go beyond the facts presented, and the question as to the effect of a fraudulent alteration was left undetermined.

In this case there is considerable evidence which tends strongly to prove that there was a double change or alteration of the note. There is really nothing suspicious in the appearance of the instrument, or which tends to detract from its credit. But, upon holding the paper up to the light, something seems to have been erased in the left hand corner. The plaintiff testified that he never saw the note when the words " payable annually " were written on the left hand side; that he never instructed or authorized any person to write

those words in the note; but that the understanding was, when the loan was made, that the interest should be paid annually. His testimony upon the last point derives very strong confirmation from the letter written by the defendant *Robertson*, dated May 8, 1874. And, did the evidence clearly establish the fact that the plaintiff himself wrote the words "payable annually" in the note, in order to make it conform to the contract as he understood it, the case would come fully within the decision in *Matteson v. Ellsworth*. But the plaintiff denies all knowledge of any alteration or erasure having been made in the note, and says, in substance, that if any ever was made, it was done by some person without his consent or authority, and for whose acts he is not responsible. We do not feel authorized, under the circumstances, in assuming that the plaintiff has testified falsely upon this point.

Of course, the burden of proving that the note had been fraudulently altered by the plaintiff, was upon the defendants. They have certainly produced considerable testimony tending to prove a double alteration or change in the note. Their counsel argue and insist that this testimony states the real truth of the matter, and should be followed by this court. But when we consider the fair appearance of the note on its face, and the denial by the plaintiff of all knowledge of any alteration, if one was made, we do not feel justified in holding that the defense set up in the answer was established by the proofs. It is quite obvious that this was the view which the learned circuit judge took of the evidence, because he failed to find as a fact that there was a fraudulent alteration of the note by the plaintiff for the purpose of defrauding the defendants. This was a very material issue, and the circuit court would doubtless have found upon it in favor of the defendants, had the evidence warranted such a finding.

*By the Court.* — The judgment of the circuit court is affirmed.