# W. T. WALLACE
## v.
# JOHN S. WALLACE.

1. PLEA DENYING EXECUTION OF NOTE—BURDEN OF PROOF.—The defendant, by verifying his plea denying the execution of the note, put the plaintiff to the proof of the execution of the instrument declared on as at common law, and thereby imposed upon her the burden of proof on that issue, throughout the entire case, and unless it appeared from a preponderance of all the evidence introduced that the note was signed by the defendant, or by his authority, that issue should have been found for him.

2. WHEN NAME SIGNED BY ANOTHER—BURDEN OF ˥PROOF.—The testimony introduced by the plaintiff, showing that the name of the defendant was signed to the note by N. R. Wallace, it at once became a material question, whether said Wallace was authorized to execute the note on behalf of the defendant, and the *onus* was upon the plaintiff to prove such fact.

3. ISSUE TO BE DETERMINED BY WEIGHT OF EVIDENCE.—The issue arising under the sworn plea was one of fact, to be determined from the weight of evidence; and it was not necessary for the defendant to satisfy the jury beyond a reasonable doubt, as in a criminal case, that N. R. Wallace had no authority from him to execute the note in his name.

4. ALTERATION OF NOTE—RECOVERY ON ORIGINAL DEBT.—If the holder of a note fraudulently makes a material alteration in its terms, he cannot recover on the note, or on the original debt. But an alteration, although it may be material, if not done with an intent to injure or deceive, will not prevent a recovery for the original debt, even if the note cannot be used as evidence.

5. INTEREST—DEMAND.—A note payable on demand, draws interest from the time of demand.

APPEAL from the Circuit Court of Knox county; the Hon. A. A. SMITH, Judge, presiding. Opinion filed April 6, 1881.

Mr. F. S. MURPHY, for appellant, cited as to the rights of the holder of commercial paper assigned after maturity, or without consideration, Harpham v. Haynes, 30 Ill. 404.

That it was error to instruct the jury, if for any reason they were satisfied that the note was invalid, the plaintiff might recover on the original consideration without a surrender of the note: Rayburn v. Day, 27 Ill. 47.

It was too late to remit the excess of damages: Rowan et

al. v. The People, 18 Ill. 159 ; Buckles v. The N. B. of Kentucky, 33 Ill. 268.

Messrs. WILLIAMS & LAWRENCE, for appellee ; the question whether the note was a forgery, having been fairly submitted to the jury, the court will not disturb the verdict : C. &. N. W. Ry. Co. v. Ryan 70 Ill. 212 ; Reynolds v. Palmer, 70 Ill. 288 ; Corwith v. Colter, 82 Ill. 585 ; Foos v. Sabin, 84 Ill. 565 ; Stickel v. Otto, 86 Ill. 161.

PILLSBURY, J.    This action is brought to recover upon the following written instrument:

" WALLACE BROS., Bankers.

SEGUIN, TEXAS, Feb. 20, 1877.

" On demand, I will pay to John S. Wallace, or bearer, one thousand dollars.

W. T. WALLACE."

To the declaration the defendant filed three pleas, the first, denying the execution of the note, verified by his affidavit. The second alleged in substance, that at the time the note was given he had large business transactions with the banking firm of Wallace Bros. at Seguin, Texas, which firm was composed of James P. Wallace and N. R. Wallace, the last named being the husband of the plaintiff, that he borrowed of said firm $3,333.07, and that said note was given to her for a part of said sum so borrowed of said firm; that he never owed the said plaintiff, but she took the said note as a mere volunteer to hold for said Wallace Bros. and that at the time of the commencement of the suit the said firm of Wallace Bros. was indebted to him, the defendant, in the sum of $13,288.04, and offers to set off enough of said amount to cancel the claim of plaintiff. The third plea sets forth that the note was given the plaintiff for an indebtedness due from him to the firm of Wallace Bros. which he paid before the commencement of the suit.

Replications were put into the second and third pleas, and upon trial the plaintiff recovered a judgment for $1183, and the defendant appealed.

The defendant by verifying his plea put the plaintiff to the

Wallace v. Wallace.

proof of the execution of the instrument declared on as at common law, and thereby imposed upon her the burden of proof on that issue throughout the entire case, and unless it appeared from a preponderance of all the evidence introduced that the note was signed by the defendant or by his authority that issue should have been found for him.

The testimony introduced by the plaintiff showing that the name of the defendant was signed to the note by N. R. Wallace it at once became a material question whether said Wallace was authorized to execute the note on behalf of the defendant and the *onus* was upon the plaintiff to prove such fact. The defendant was not required to prove negatively, in the first instance that said N. R. Wallace had no authority to sign his name. Schrœder v. Harvey, 75 Ill. 640.

The issue arising under this sworn plea was one of fact to be determined by the jury from the weight of the evidence, and as no crime was imputed to the plaintiff in the pleadings, it was not necessary for the defendant to satisfy the jury from the evidence beyond a reasonable doubt that N. R. Wallace had no authority from him to execute the note in his name. Wells v. Head, 17 Ill. 204; Sprague v. Dodge, 48 Ill. 142; Schmidt v. N. Y. Mut. Fire Ins. Co. 1 Gray, 529.

These authorities are clear that the issue raised by the plea herein, is not one calling for the application of the rule of evidence in criminal cases.

It follows from these views that the following instruction given to the jury on behalf of plaintiff below, was erroneous:

" Before you can find that the note in evidence is a forgery, you must be satisfied from the evidence, beyond a reasonable doubt, that N. R. Wallace, whose deposition is in evidence, had neither expressed or implied authority to sign the name of the defendant to the note in evidence."

For the same reasons the court should not have modified the fifth instruction asked by plaintiff.

It is also contended by appellant that the instrument sued upon, even if signed by his direction, was when written, a check upon the Bank of Wallace Bros., and that it has since its execution been changed to its present form and therefore no recovery can be had upon the original consideration.

Whether a recovery can be had upon the original consideration where there has been an alteration in the written evidence of the debt depends upon the nature of the alteration, the person by whom and the intention with which it was made. If the holder of a note fraudulently makes a material alteration in its terms, he not only deprives himself of the use of the note as an evidence of the debt but debars himself from a recovery of the consideration for which the note was given.

But an alteration in a note though it may be material if not done with an intent to injure or deceive will not prevent a recovery for the debt even if the note cannot be used as evidence. Elliot v. Blair, 47 Ill. 342 ; Vogie v. Ripper, 34 Ill. 100.

The intent with which an alteration is made in a note is a question of fact for a jury, under proper instructions by the court. As the evidence in this case upon nearly all the material issues is somewhat conflicting, we refrain from commenting upon its weight, it being necessary for the reason above stated that the cause should be submitted to another jury.

It is conceded that the verdict is for too large a sum, as interest was allowed from date of note when it should have been computed from time of demand for payment. This can be corrected on another trial.

The judgment will be reversed and the cause remanded.

Judgment reversed.