SULLIVAN v. RUDISILL ET AL.

1. **Promissory Note:** ADDITIONAL SIGNATURE NOT AUTHORIZED BY MAKER: EFFECT ON NOTE AND ON DEBT.   The signing of a promissory note by one as a surety, after its execution by the original maker, without his knowledge or consent, is a material alteration, which will defeat the instrument; but, where such alteration has been made innocently, and without any fraudulent purpose, the payee may recover against the original maker in an action brought upon the original consideration.

2. **Practice in Supreme Court:** NO ERRORS ASSIGNED.   Objections urged by an appellant who has assigned no errors cannot be considered.

*Appeal from Henry Circuit Court.*

TUESDAY, APRIL 8.

ACTION UPON A PROMISSORY NOTE. The cause was sent to a referee, and, upon the coming in of his report, judgment was rendered for plaintiff. Defendant, Rudisill, appeals.

*Ambler & Campbell,* for appellant.

*Woolson & Babb,* for appellee.

BECK, J.—I. The note in suit was executed by the appellant, George H. Rudisill, and H. Fuller. The defendant, Rudisill, in his answer, admits the execution of the note, and alleges that Fuller signed it as surety only, and that, after the execution of the note, plaintiff induced one Wealthy A. Rudisill to sign the note as one of the makers, whereby the original makers were discharged, and the person last signing became alone bound by the note. By an amended petition, plaintiff claims to recover upon the original indebtedness for which the note was given, and the defendant, in answer thereto, alleges that it was "discharged by the novation of Wealthy A. Rudisill as a sole debtor, on her signing said note." The abstract upon which the case is submitted to us fails to show any pleadings by the defendant, Fuller.

The referee found the following facts, namely: That the note was given for money borrowed by Rudisill of plaintiff, and that Fuller signed it as surety. Upon the request of plaintiff, and without the assent or knowledge of the makers of the note, Wealthy A. Rudisill signed it as surety, after its maturity. This was innocently done, without any fraudulent intention on the part of any one, for the purpose of better securing the note, after unsuccessful efforts to collect it.

The referee held that the signing of the note by Wealthy A. Rudisill was an alteration which rendered it void as to both makers, but, there being no fraud in the transaction, that plaintiff was entitled to recover against George H. Rudisill,

upon the original consideration, the amount of the loan re-
maining unpaid, with six per centum per annum interest. The
note drew interest at the rate of ten per centum per annum.
A judgment in accord with the referee's report was rendered
against George H. Rudisill; the case was dismissed as to Ful-
ler. Both plaintiff and defendant, Rudisill, appeal.

II. This court has held that the signing of a promissory
note by one as a joint maker, after the execution by the orig-
inal maker, without his knowlege and consent, is a material
alteration, which will defeat the instrument. *Hamilton v.
Hooper et al.,* 46 Iowa, 515; *Dickerman v. Miner,* 43 Id.,
508; *Hall's Adm'x v. McHenry,* 19 Id., 521.

It has also been ruled by this court that, when a promissory
note has been innocently altered, without any fraudulent pur-
pose, the payee may recover in an action brought upon the
original consideration. *Krause v. Meyer,* 32 Iowa, 566;
*Clough v. Seay,* 49 Id., 111; *Morrison Bros. v. Huggins et
al.,* 53 Id., 76; *Eckert & Williams v. Pickel,* 59 Id., 545.

Upon the facts found by the referee, which are not brought
in question, and under the petition which sought to recover
upon the original consideration, the circuit court rightly
rendered judgment for plaintiff.

III. Defendant insists that the effect of the subsequent
signing by a new party was to discharge the debt for which
the note was originally given, and create a new one, and that
thereupon no action will lie upon the original consideration.
But in law the transaction has no such effect, which is taught
by the decisions above cited, holding that, in similar cases,
an action may be maintained upon the original consideration.

The facts found do not show that, by the subsequent exe-
cution of the note by a new party, there was an intention to
discharge the debt and create a new one. On the contrary,
it is shown that no such purpose was entertained; for the new
signer executed the note as a surety thereon, thus implying
that the debt still existed and was not to be regarded as paid.

IV. Plaintiff insists that the adding of a new name to the

note as surety is not such an alteration as will defeat recovery on the note, and, therefore, the judgment of the circuit court is erroneous. The objection is urged upon plaintiff's appeal. But, as no errors are assigned by plaintiff, we cannot consider the objections urged by him against the judgment.

The foregoing considerations dispose of the case. The judgment of the circuit court is affirmed on both appeals, the costs of which will be paid by defendant.

AFFIRMED.