## SAMUEL H. BLACK
### v.
## FOUNTAIN BOWMAN, use, etc.

1. ALTERATION OF NOTE IN MATERIAL PART.—The fraudulent alteration of a note in a material part thereof, by the payee or holder, not only destroys the instrument, but it also extinguishes the debt for which it was given, and no recovery can be had upon either. But if the alteration, though material, be made without any fraudulent purpose, it is to be regarded as a mere spoliation of the instrument, and the holder may surrender it up and resort to the original indebtedness. The effect of the alteration depends upon its nature, the person by whom and the intention with which it was made.

2. EVIDENCE OF FRAUDULENT INTENTION.—The law presumes that every sane man contemplates and intends the natural and probable consequences of his own acts, and when a note is knowingly and deliberately altered by the payee or holder so as to increase the liability of the maker, not only without his consent, but after such consent had been asked and refused, the natural tendency of the act would be to defraud the maker, and the only reasonable inference that can be drawn from such acts is that fraud was intended.

APPEAL from the Circuit Court of Vermilion county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed July 3, 1884.

Mr. W. R. LAWRENCE and Mr. W. D. LINDSEY, for appellant; as to instructions, cited Wheelock v. Freeman, 18 Pick. 168; Moshier v. Kitchell, 87 Ill. 22; Ferber v. Balenseifer, 74 Ill. 183; Henderson v. Henderson, 88 Ill. 251; C. B. & Q. R. R. Co. v. Hale, 2 Bradwell, 159; 2 Parsons on Notes and Bills, 583.

Messrs. MANN, CALHOUN & FRAZIER, for appellee; that if the alteration is material but not fraudulently done, a recovery may be had on the original consideration, cited Elliot v. Blair, 47 Ill. 342; 2 Parsons on Notes and Bills, 571.

Higbee, P. J.   Bowman declared against Black in assumpsit on a promissory note, adding the common counts.   Black denied the execution of the note by his plea verified by affidavit.   On the trial, Bowman was permitted to surrender up the note to Black and recover upon the original consideration for which it was given.

At the instance of plaintiff below the court gave to the jury the following instructions:

1st.   The court instructs the jury for the plaintiff, that if they believe from the evidence that the payee of the note in question altered the same in a material part, but that such alteration was not fraudulently done, then the plaintiff is entitled to recover upon the original consideration for which the note was given.

2d.   The court further instructs the jury for the plaintiff, that in passing on the question as to whether the alteration in the note was fraudulently made, they have a right to take into consideration all the facts and circumstances surrounding the alteration as the same appeared from the testimony; and refused to give the following instruction in behalf of the defendant:

The court instructs the jury that if they believe from the evidence that Bowman, the plaintiff, materially altered the note in question, without the consent of the maker of the note, and without reason to believe such consent was had, then the jury should consider that such alteration was done with a fraudulent purpose.

The fraudulent alteration of a note in a material part thereof by the payee or holder, not only destroys the instrument, but it also extinguishes the debt for which it was given, and no recovery can be had upon either.   It is necessary that the forfeiture of the debt should be imposed upon the person who fraudulently tampers with the instrument which evidences or secures it, and it is done upon the well known principle that "no man shall be permitted to take the chances of gain by the commission of a fraud without running the risk of loss in the case of detection."

On the other hand, we may concede that if the alteration,

though material, be made without any fraudulent purpose, it is to be regarded as a mere spoliation of the instrument, and the holder may surrender it up and resort to the original indebtedness. 2 Daniell on Negotiable Instruments, p. 382.

The effect of the alteration depends upon its nature, the person by whom and the intention with which it was made. Vogle v. Ripper, 34 Ill. 100.

The note in controversy was directly between the parties to the suit. It bore date on the 23d day of December, 1882, was payable on the first day of June following, and was to draw interest at the rate of eight per cent. per annum from *maturity* until paid.

Bowman himself testified that he read the note when it was signed by Black and handed to him; thought it ought to bear interest from date, but noticed before he left that it did not; some two weeks after he got the note he went to Black and asked him to change the note and make it bear interest from date, and inferred from what he said that he did not care whether it drew interest from date or not. On cross-examination, appellee says he will not say that Black said he could change the note, and does not remember that anything was said about the note drawing interest from date at the time the same was given. It was given for corn purchased of him by Black. Subsequently to the time he applied to Black to change the note, he altered it himself by scratching out the word maturity, thereby making it draw interest from date. Black testified that there was nothing said when the note was given about its drawing interest from date, and that when Bowman called on him afterward and asked him to change the note, he refused to do so, and told Bowman that he had not agreed to do so, and would not make any such change.

The question as to the proper inference to be drawn from the production by the payee of an instrument bearing an alteration on its face, is not here presented. It is admitted that this note was not only altered while in the possession of the payee, but that he made the alteration himself. He does not pretend that it was altered in conformity with any agreement made before the note was executed, nor by any subse-

quent authority conferred upon him by Black.    The alteration increased the liability of the maker of the note, and was therefore material.

The law presumes that every sane man contemplates and intends the natural and probable consequences of his own acts, and when a note is knowingly and deliberately altered by the payee or holder so as to increase the liability of the maker, not only without his consent but after such consent had been asked and refused or withheld, the natural tendency of the act would be to defraud the maker, and the only reasonable inference that can be drawn from such acts is that fraud was intended.

The instructions given for the plaintiff below were not based upon the evidence.    They authorized an inference which was not supported by the proof.    Had there been evidence before the jury tending to show that the alteration was innocently made, by accident, mistake or otherwise, the instructions would have been justified; but instructions not based upon the evidence usually mislead the jury, and ought never to be given.

We are also of the opinion that the instruction refused on the part of defendant correctly stated the law, and that it should have been given.

For these reasons the judgment is reversed and the cause remanded.

Reversed and remanded.