Owen *vs.* Hall.

*State vs. Scarborough*, 55 *Md.*, 348; *State vs. Fox*, 51 *Md.*, 412, 414.

*Assignment of error dismissed.*

(Decided 9th January, 1889.)

WYATT OWEN *vs.* R. QUINCY HALL.

*Promissory note—Part payment—Renewal—Alteration of Note—Recovery on the Original cause of Action.*

Where at the maturity of a joint promissory note, a partial payment is made thereon, and a renewal note is given for the balance, which is invalid as to one of the makers on account of a material alteration—the insertion of the words "with interest"—without his knowledge and consent, a recovery can be had against him on the original cause of action, the renewal note being produced at the trial.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and MCSHERRY, J., for the appellee, and submitted for the appellant.

*R. E. France,* and *J. C. France,* for the appellant.

*Henry F. Spalding,* for the appellee.

STONE, J., delivered the opinion of the Court.

This was an action of assumpsit brought by Hall, the plaintiff, against Owen, the defendant. The declaration contained the general money counts and also

two special counts, the first charging Owen, the defendant, as a joint maker of a promissory note for $103.60, payable four months after date, and the other special count charging him as endorser of the same note. The note was dated 16th September, 1887, and produced at the trial. At the trial of the case, the plaintiff proved that in May, 1887, a certain George H. Morrow obtained a loan of one hundred and fifty dollars from the plaintiff, and gave as security therefor a promissory note signed by himself, Morrow, and endorsed by Owen, the defendant, and that Owen endorsed the note *before* its delivery to the payee, Hall.

Plaintiff also gave evidence tending to show that a portion of said loan was used in a contract in which the defendant and Morrow were jointly interested, at Annapolis.

The plaintiff also offered evidence tending to prove that at the maturity of the note given in May, 1887, Morrow paid fifty dollars in part payment of the note, and gave the note dated in September, 1887, as a part renewal of the first note.

The plaintiff also gave evidence tending to prove that the defendant, Owen, endorsed the last mentioned note before it was delivered to the payee, and that it was not paid at maturity, and was duly protested and notice given to the defendant.

The defendant then offered evidence tending to prove that the words "with interest" which are in the note of September, 1887, were inserted after it had passed into the hands of the payee, and without the knowledge and consent of the defendant, Owen, and the plaintiff in rebuttal gave evidence tending to prove that the words were added to the note under the direction and with the consent of the maker, Morrow.

Upon this evidence the defendant prayed the Court to instruct the jury that if they found that the words

Owen *vs.* Hall.

" with interest " were written on the note after it had
been signed by the defendant and passed out of his
hands, and without his consent, then the plaintiff
could not recover against the defendant, and their
verdict must be for defendant, although such altera-
tion was made without fraudulent intent.

This instruction the Court refused to give, but mod-
ified it by instructing the jury, that if they found
those facts, the plaintiff could not recover on the *first
or special count* in the declaration, which declared on
the note of September, 1887.   And the Court of its own
motion also instructed the jury that if they found
that in May, 1887, the plaintiff paid one hundred and
fifty dollars for a promissory note signed by Morrow,
and that the name of the defendant Owen was written
on the back of said note for the purpose of giving
credit to the same, before it was delivered to the plain-
tiff, and that at the maturity of the note a payment
was made on account of said note either by Morrow
or the defendant, then the jury should find for the
plaintiff such sum as they may find to be due upon
the same, &c.   But if the jury find that the said note
was endorsed by the defendant, Owen, for the accom-
modation of the plaintiff and said Morrow, in order
to give credit to the note, that the plaintiff might
have the same discounted for himself and said Mor-
row, then the plaintiff cannot recover, and their ver-
dict must be for the defendant.

The defendant excepted to this instruction, and also
to the refusal of the Court to grant his prayer, and to
the modification of his prayer by the Court.

We cannot perceive any error in the action of the
Court below.   After the note of September passed into
the hands of the payee, any material alteration made
in it, without the consent of the defendant Owen,
would certainly prevent a recovery *on that note* against

him, and that whether he was a joint maker or endorser, and whether the alteration was made with or without fraud, and the Court was clearly right in so deciding.

We may here say that there is no question of fraud in the case, as the uncontradicted testimony shows conclusively that the alteration was made in good faith, and with the consent of the maker Morrow, and therefore all those cases which treat of fraudulent alterations have no application here.

But the Court in its second instruction also instructed the jury in substance, that if they found that the note of May, 1887, was the *joint note* of Morrow and the defendant, that then under the common counts they might find for the plaintiff the balance that might be due thereon, or, in other words, that the note of September, 1887, given for the balance due on the note of May, 1887, was not a merger, extinguishment, or payment of the note of the last mentioned date.

The acceptance of a security or undertaking of equal degree is not of itself an extinguishment of the original debt for which it is taken, if it remains in the hands of the creditor and he can produce it to be cancelled or show it to be lost. But he will not be suffered to recover on the original cause of action unless he can show the note to have been lost, or produces it at the trial to be cancelled. *Glenn vs. Smith*, 2 *G. & J.*, 493; *Morrison vs. Welty*, 18 *Md.*, 169; *Matthews & Zollikoffer vs. Dare & McClure*, 20 *Md.*, 248; *Brengle vs. Bushey*, 40 *Md.*, 141. In the case in 18 *Md.*, the Court says that it has been held that the alteration of a note by the payee, though it avoids the note, does not extinguish the debt, and the plaintiff may still recover on counts on the original consideration, and the Court refers to *Byles on Bills*, 257, 258; *Atkinson vs. Hawdon*, 2 *Adolphus & Ellis,* 628, and *Sutton vs. Toomer*, 2 *Barn. & Cress.*, 416, as authorities sustaining this position.

In the case at bar the defendant Owen was a joint maker of a promissory note, made for a valuable consideration, and a part of which went to his benefit in his contract. A part of that note was paid, and a renewal note given for the balance due. After the maturity of the second note suit was brought, but no recovery could be had on it against Owen on account of the alteration, but the plaintiff produced the note at the trial and it could have been, if the defendant desired, cancelled. Under this state of facts the plaintiff clearly had the right to recover on his original cause of action and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 10th January, 1889.)