Minshall, J.
The plaintiff, Franklin, brought suit upon a note claimed to have been made by D. M. Baker, deceased, for $2,100, dated April 5, 1882. The defendant denied the execution of the note. On the trial, the plaintiff having introduced proof of the genuineness of the maker’s signature, offered the note in evidence, which was admitted over the objection of the defendant. The plaintiff offered no other evidence. At the close of the evidence the defendant, claiming that the note had, as appeared from its face, been altered, asked the court to charge the jury, that if they find from an inspection of the note, that there has been suspicious alterations as to the date and amount, or either, and such alterations have not'been satisfactorily explained by the plaintiff, he is not entitled to a verdict. This the court refused, and thereupon charged the jury, that an alteration would not invalidate the note unless made after its execu *303 tion, and- that for the' purpose of a defense, the burden was on the defendant to prove that it was so altered.
Whether the note has been changed at any time is not clearly apparent from the face of it. The only claim of the defendant is, that an apparent blurring indicates that the figures 5 and 82 in the date, “April 5, 1882,” have been changed from the figures 4 and 79, respectively; and that there are some indications that the amount, “twenty-one hundred,” written in the body of the note, has been changed from “ ten hundred ” or “ twelve hundred,” and that a corresponding change has been made in figures standing for the amount on the margin of the note. A photographic copy is inserted in the bill of exceptions; and from this it would be difficult to say whether it suggests any change to have been made in the note before or after its execution. But conformable to the charge of the court, and the view we take of the case, the note may appear on its face to have been changed at some time after it had been written, without affecting its validity. For if it appears to have been changed, then the question arises whether it was so changed after or before it was executed and delivered. If before, that would not affect its validity. Such changes are frequently made, more frequently now than when men of business had less skill, and employed others to do for them what they do now as a matter of every day’s practice for themselves. But if the change was made afterwards, and without the consent of the maker, the alteration constituted a crime, which the law never presumes in the absence of proof. The only presumption the law indulges in such cases is in favor of the honesty and good faith of what appears to have been done. Hence it was the duty of the jury to presume, until the contrary appeared, that any erasure or interlineation to be found on the note had been made before the note was executed, since that presumption not only consists with the integrity of the party who made it, but is conformable to human experience, at this day, of the connection between such changes to be found in promissory notes and *304 other written instruments, and the time when they were made. Wilson v. Hayes, 40 Minn. 531, 536.
We do not see that the defendant’s request, the refusal of which is assigned for error, was any more proper than saying to the jury, that the burden is on the plaintiff in any case to explain an alteration in the paper sued on, where it is apparent that a change has been made. How can it be determined from a simple “inspection of the note,” that an alteration was made after the signature to it? It may satisfactorily show, as in the case of an erasure or interlineation, that it was changed after it had been written, but to assume that such change was made after the note was made and delivered, without any extrinsic proof, is to presume, without evidence, that the change was fraudulently made, when, as a matter of fact, the chances are more than equal, that it was made at or before the execution and delivery of the instrument, and to conform it to the intention of the parties.
The cases elsewhere are not uniform on the subject. Some hold that alterations apparent on the paper must be explained by the party producing it, and, in the absence of such explanation, it is presumed to have been made after the execution of the instrument, and so fraudulent. This it would seem was the earlier rule at common law as to deeds and similar instruments; but its inconvenience was such as to cause it to be abandoned as early as the time of Lord Coke. And the rule as to such instruments in England, and generally in this country, is, if nothing appears against the alteration, to presume that it was made at the time of making the deed, and not after. Bailey v. Taylor, 11 Con. 531, 534; Speake v. United States, 9 Cranch. 37; Wickes v. Caulk, 5 Harr. & Johns. 36; Hanrick v. Patrick, 119 U. S. 156, 172; Little v. Herndon, 10 Wall. 27, 31. In the latter case, cited with approval by Justice Mathews in the preceding case, Justice Nelson said: “In the absence of any proof on the subject the presumption is that the correction was made before the execution of the deed. In a recent case in the Queen’s Bench, Lord Campbell, Chief Justice, in delivering the opinion of the court, after referring to the note in Har *305 greve & Butler’s Coke Littleton, 2255, where the rule was asserted, observed: ‘ This doctrine seems to us to rest on principle. A deed cannot be altered after it has been executed, without a fraud or wrong; and the presumption is against fraud or wrong.’ ” Doe v. Catomore, 16 A. & E. 745.
In England a different rule has been adopted as to commercial paper; but, as clearly pointed out in Bailey v. Taylor, supra, and in Beaman v. Russell, 20 Vt. 205, this results from the provisions of their stamp act. There, as said by Hall, J., in the case last cited, “ Any material alteration of a bill, after it has issued, or, in other words, after it is in the hands of a party entitled to make a claim upon it, is held to make a new bill of it, rendering a new stamp necessary. Under the stamp act, any alteration.renders a bill void, that would make it invalid at common law; and it may be void under that act, though otherwise perfectly valid. For the consent to the alteration, by the party sought to be charged, makes the bill'valid at common law; but, under the statute, the consent of all the parties to the bill is of no importance. If the bill be altered after it issues, no matter by whom, it becomes another bill, and requires a new stamp in order to make it evidence.”
It is evident that decisions based upon considerations not applicable to our own country are entitled to- no weight as authority in its courts; and that the decisions of courts in this country in which those decisions have been simply followed as precedents, are entitled to no greater weight. And, an examination will show that they have been disregarded by courts of distinction about as often as they have been followed.
In Cumberland Bank v. Hall, 1 Halstead, 215, a new trial was awarded by the Supreme Court of New Jersey after a full argument, for the misdirection of the court on the trial, in charging the jury that the plaintiff was bound to account for an alteration on the note, and unless it was shown to have been made before the execution of the note, the law presumed it to have .been done afterwards.
So in Gooch v. Bryant, 13 Maine, 386, it was held that the *306 alteration of a figure in the date of a note, proved only by inspection, is not of itself evidence, that the alteration was made after the signature and delivery. To hold otherwise, the court said, “would be a harsh construction; exposing the holder of a note, the date of which had been so altered, as to accelerate payment, or to increase the amount of interest, to a conviction of forgery, unless he could prove that it was done before the signature. It would be to establish guilt by a rule of law, when there would be at least an equal probability of innocence.”
In Odel v. Gallup, 62 Iowa, 253, it was held that the defendant in a suit on a promissory note, who alleges that it has been altered since its execution, has the burden of proof to establish the alteration. It is true that, in this case, the court entered into no discussion of the question and cited no authority to the point; and, for the reason probably, that it appeared too plain on principle to require it to do so.
In Neil v. Case, 25 Kan. 510, the court, without laying down any definite rule upon the subject, said, “ If there is neither intrinsic nor extrinsic evidence as to when the alteration was made, it is to be presumed, if any presumption is said to exist, that the alteration was made before, or at the time of the execution of the instrument.”
In Bailey v. Taylor, 11 Conn. 531, where the question was quite elaborately considered, the rule is stated as follows: “ Where there is an alteration in an instrument under which a party derives his title, apparently against the interest of that party, the law does not so far presume that it was improperly made, as to throw upon him the burden of accounting for it; but the jury are, from all the circumstances before them, to determine whether it was made before or after the execution of the instrument; and if after, whether it was with or without the assent of the adverse party ; and consequently, whether it rendered the instrument invalid or not.”
In Wilson v. Hayes, 40 Minn. 531, the question was considered by Mitchell, J., upon principle, and the conclusion reached, in a carefully prepared opinion, that there is no ground for any distinction as to the rule of evidence in re *307 gard to an alteration, between negotiable paper ánd other instruments; and he observes that the tendency of many of the late American authorities is to repudiate any such distinction. The judgment below was reversed, for the error of the court in saying to the jury, that the presumption was that an alteration apparent on the note, was made after its execution, and that the burden was on the plaintiff to remove this presumption.
See further: Printup v. Mitchell, 17 Ga. 558; Davis v. Jenney, 1 Met. 221; Gorden v. Robertson, 48 Wis. 493, 496; Rankin v. Blackwell, 2 John. Cases, 198.
The case of Huntington v. Fitch, 3 Ohio St. 445, is not in point. There the only question was as to the materiality of the change that had been made in the note, — the erasure of the name of the surety. The facts were not in dispute. The court simply held that the erasure of the name of the surety, at his request and with the permission of the payee, did not affect the rights of the principal, and so did not amount to such an alteration as would invalidate the note. The observations of the court may, conformable to a view taken by many courts at that day, indicate an opinion that the burden of explaining what are termed alterations of a suspicious character, is on the plaintiff. But no such question was before the court, and its remarks should be confined to the case it had under consideration.
The character of an alteration may be such as, in connection with other circumstances, would persuade the mind that it had been fraudulently made after the execution of the instrument. But no such inference should be drawn from an alteration standing alone, however apparent upon the face of the paper. There is no sounder principle applied by the law to the affairs of men, than that which assumes what appears to have been done, was done with a proper motive and conformable to its requirements, until the contrary appears; and the reason is that the assumed fact is generally found to conform to the truth. It is true that we are without any definite statistics, but, the low estimate of our race entertained by the pessimist aside, we may *308 safely trust our own observation and experience for the assertion, that ninety and nine alterations to be found on the face of written instruments were lawfully and properly made, for every one that had its origin in a fraudulent purpose. The law in its wisdom trusts much to the general honesty of men, indeed if human depravity were such that it could not — if honest men were the exception and rogues the rule, civil government would be impossible. Therefore the question as to when an alteration was made in a written instrument, is one of fact, to be determined from a consideration of all the circumstances; and where it is claimed to have been made for a fraudulent purpose, the burden of establishing the fact must, according to the reason and analogies of the law, be upon the party who asserts it.
It is argued that this is unfair to the representatives of a deceased maker of a note, whose mouth is closed by death, but we fail to perceive that the opposite rule would be any less so to the other party, whose mouth, as a witness, is also closed in such case.
Judgment of the circuit court reversed, and that of the common fleas affirmed.