Argued 22 Nov.; decided 26 Dec., 1899; rehearing denied 26 Feb., 1900.

## SAVAGE v. SAVAGE.

[59 Pac. 461.]

1. ELECTION OF REMEDIES—NOTE OR ASSUMPSIT.—Where there is a debt that has been evidenced by a written memorandum such as a note, the fact that no recovery can be had on the writing, or that its value as evidence is destroyed, does not affect the right to recover from the debtor on the original debt: *Schreyer* v. *Turner Flouring Co.* 29 Or. 1, approved.

2. EFFECT OF ALTERING A NOTE.—The material alteration of a promissory note without a fraudulent or wrongful intent, while it may possibly avoid the writing, will not affect the right of action on the indebtedness itself, if that was not extinguished by and merged into the writing: *Wallace* v. *Tice*, 32 Or. 283, approved.

3. PLEADING—AIDER BY VERDICT.—Where a complaint on an original debt alleges the delivery of a note, that plaintiff afterward materially altered it in the presence of one of the makers, but without the knowledge of the other maker, and the giving up of such note, but fails to allege that the alteration was not made with a fraudulent intent, the defect is cured by the verdict, the answer and reply having raised that issue: *Booth* v. *Moody*, 30 Or. 222, applied.

4. ALTERED NOTE AS EVIDENCE.—In an action on an indebtedness for which a note was given, which, owing to a subsequent alteration, had been abandoned, the note is competent evidence on the question of the intent with which the alteration had been made.

5. INSTRUCTION—ASSUMING DISPUTED FACTS.—An instruction which assumes as true a disputed question is properly refused.

6. REFUSING INSTRUCTIONS ALREADY GIVEN.—It is not error to refuse to repeat an instruction either exactly or substantially already included in the charge given.

7. INSTRUCTION—PRESUMPTION OF INNOCENCE.—The jury will not be held to have been misled, where, after an instruction that plaintiff must assume the burden of proof to show that the alteration in a note was made under the honest belief that he had a right to make it, and without an intent to defraud, the court said that it is presumed that plaintiff is innocent of any wrong, and that the jury are entitled to consider that presumption in connection with the evidence about intent and honest belief.

From Marion : GEORGE H. BURNETT, Judge.

Action by John Savage, Sr., against John Savage, Jr. and another. The complaint states, in effect, that on December 12, 1891, the plaintiff lent to defendants $3,000 in United States gold coin, which they promised to repay within one year, in like coin, with interest from date at the rate of eight per cent. per annum, and also that they would pay all taxes assessed and levied upon said money ; that, as evidence of said loan, the defendants executed and delivered to plaintiff their promissory note, a copy of which is set out. The note runs : "One year after date, without grace, I promise to pay," etc., and "all taxes that may be levied thereon." It provides for the payment of interest annually, and a reasonable attorney's fee. The complaint, after reciting that certain payments were made on the loan, further alleges, in substance, that defendants failed and neglected to pay the taxes, or any part thereof, so assessed or levied, by reason whereof the plaintiff was compelled to and did pay the same, and that on or about March, 1894, for and in consideration and pursuance of an agreement by plaintiff to pay all taxes that might thereafter be assessed against said loan, the defendant John

Savage, Jr. agreed to and did pay interest thereon at the
rate of ten per cent. per annum from December 12, 1893 ;
that thereafter, about November, 1894, the plaintiff, in
accordance with said agreement, and with the knowledge
and consent of John Savage, Jr., at the banking house of
Ladd & Bush at Salem, and in the presence of the em-
ployees at said bank, altered the note by changing the rate
of interest from eight to ten per cent. per annum ; "that
the plaintiff, before the commencement of this action, sur-
rendered to the defendants said note ;" that there is now
due and owing upon said loan from defendants to the
plaintiff the sum of $2,893, with interest at the rate of
eight per cent. per annum from December 7, 1896, which
the defendants neglect and refuse to pay. The prayer
is for judgment against the defendants for the sum last
named, with interest, costs, and disbursements. To this
complaint the defendants demurred separately, each as-
signing as a reason therefor that said complaint does not
state facts sufficient to constitute a cause of action against
him. The demurrers being overruled, the defendants
answered separately, each setting up identically the same
defense, which, after denying the material allegations of
the complaint, is as follows : "That at Salem, Oregon,
on the 12th day of December, 1891, the defendant answer-
ing herein and the other defendant, John Savage, Jr., ap-
plied to the plaintiff herein, each for a loan of fifteen hun-
dred dollars, and for such loan they proffered to give the
plaintiff their several promissory note for the sum of three
thousand dollars, each being surety for the other in the
sum of fifteen hundred dollars, and in pursuance of such
an agreement, and in consummation thereof, at the same
time and place, the defendant answering herein, with the
defendant John Savage, Jr., made, executed, and deliv-
ered to plaintiff, in payment for the fifteen hundred dol-
lars loaned to each, a certain promissory note, of which

the following is a true copy, and the whole thereof.''
Then follows a copy of the note as set out in plaintiff's
complaint, and a minute of the indorsements thereon ;
and, continuing, it is further alleged :   ''That after the
making and delivery of said promissory note to the plain-
tiff, and on or about the 7th day of December, 1895, after
the payment of three hundred dollars, the plaintiff herein,
without the knowledge or consent of the defendant an-
swering herein, and with the intent to wrongfully cheat
and defraud this defendant, wrongfully and fraudulently
materially altered said promissory note by changing the
rate of interest therein named from eight to ten per cent.,
with the intent to wrongfully and fraudulently exact from
this defendant interest upon said promissory note at the
rate of ten per cent. per annum, according to the tenor of
said note ;  that this defendant had no knowledge of the
said material alteration of the said promissory note by
plaintiff then, nor has he since assented to or consented
to said alteration.''   A reply was filed to each of these
separate answers, denying every material allegation of
the new matter set up therein.   Trial being had before a
jury, the verdict and judgment were for plaintiff, and de-
fendants appeal.	AFFIRMED.

For appellants there was a brief and an oral argument
by *Messrs. Harry J. Bigger* and *Geo. G. Bingham.*

For respondent there was a brief and an oral argument
by *Mr. John A. Carson.*

MR. CHIEF JUSTICE WOLVERTON, after stating the facts
in the foregoing language, delivered the opinion.

1.   It is first insisted that the court erred in overrul-
ing the demurrers to the complaint, but, inasmuch as the
defendants have answered over, we can only consider
whether the complaint is sufficient after verdict.   The

contention is that, having brought his action upon an express contract, which appears to have been purposely altered, plaintiff cannot recover against the defendant Frank Savage upon an implied promise. This proposition assumes that the complaint is based upon the note, while, upon the other hand, it is contended that the action is founded upon the original consideration, and not upon the note. But, before considering the question here made, we will dispose of another. It is argued that, as the money was loaned and the note executed and delivered at the same time, there was but one transaction, and the loan was merged in the note; hence that there could be but one cause of action, and that upon the note. The authorities, however, establish the converse of the proposition. The able authors of the American & English Encyclopedia of Law (2 ed., vol. 2, p. 200.) lay down the rule that "where a promissory note is given for the purchase price of goods, or for money lent, or for any precedent indebtedness which is not extinguished by, and exists independently of, the writing, and the payee innocently makes a material alteration therein, although the note itself is avoided, and, since the liability of the surety exists solely by virtue of the writing, there can therefore be no recovery against him, there may nevertheless be a recovery by the payee against the maker on the original indebtedness:" *Matteson* v. *Ellsworth,* 33 Wis. 488 (14 Am. Rep. 766); *Gorden* v. *Robertson,* 48 Wis. 493 (4 N. W. 579), and *Sullivan* v. *Rudisill,* 63 Iowa, 158 (18 N. W. 856), are instances of actions maintained upon the original consideration, disregarding the note given in evidence thereof where it was for money loaned; and this court, in *Black* v. *Sippy,* 15 Or. 574 (16 Pac. 418), and *Schreyer* v. *Turner Flouring Co.* 29 Or. 1 (43 Pac. 719), has given its sanction to the same doctrine. Is the present action based upon the note? That it was not so intended is

apparent, as a prior surrender of it is alleged by the complaint, and the relief demanded is commensurate only with the idea of money had and received to the use of the defendants. True, the note is set out; but the material alteration thereof is also shown, and the count is upon the loan as distinguished from the note. The count would, perhaps, be more technically correct had it been for money had and received to the use of the defendants ; but it is immaterial, and it may now be so treated.

2.   The question of graver importance is whether, having changed the note without the consent of Frank, the plaintiff has not destroyed his right of action as against him, even for the original consideration. The rule is laid down by one of the appellate courts in Illinois that "the fraudulent alteration of a note, in a material part thereof, by the payee or holder, not only destroys the instrument, but it also extinguishes the debt for which it was given, and no recovery can be had upon either. But if the alteration, though material, be made without any fraudulent purpose, it is to be regarded as a mere spoliation of the instrument, and the holder may surrender it up, and resort to the original indebtedness. The effect of the alteration depends upon its nature, the person by whom and the intention with which it was made:" *Black* v. *Bowman*, 15 Ill. App. 166.   FOLGER, J., expresses it in different order, but with like effect, in *Booth* v. *Powers*, 56 N. Y. 22. He says : "If a note be altered in a material part, without authority, after execution, that avoids the note. It is not of moment whether it be done with fraudulent intent, save as the existence of such intention affects the right to resort to the original indebtedness ; and then the fact of the unauthorized material alteration is a matter for the consideration of the jury in determining the question of fraudulent intention.   *   *   *   If the alteration was made

36 OR.—18.

without fraudulent intention, the payee may resort to the original indebtedness, if that was independent of the note, and has not been discharged by the execution of it, and pursue the maker upon that.    But, to have such resort, he must be able to produce and surrender the note.'' There is some dissent among the cases touching the soundness of the rule thus denoted, but we think it is supported by the great weight of authority.    See *Wallace* v. *Tice*, 32 Or. 283 (51 Pac. 733); *Elliott* v. *Blair*, 47 Ill. 342 ; *Vogle* v. *Ripper*, 34 Ill. 100 (85 Am. Dec. 298); *Wallace* v. *Wallace*, 8 Ill. App. 69 ; *Owen* v. *Hall*, 70 Md. 97 (16 Atl. 376); *Clough* v. *Seay*, 49 Iowa, 111 ; *Hunt* v. *Gray*, 35 N. J. Law, 227 (10 Am. Rep. 232); *York* v. *Janes*, 43 N. J. Law, 332 ; *Merrick* v. *Boury*, 4 Ohio St. 60 ; *State Savings Bank* v. *Shaffer*, 9 Neb. 1 (31 Am. Rep. 394, 11 N. W. 980); *Matteson* v. *Ellsworth*, 33 Wis. 488 (14 Am. Rep. 766); *Gorden* v. *Robertson*, 48 Wis. 493 (4 N. W. 579); *Sullivan* v. *Rudisill*, 63 Iowa, 158 (18 N. W. 856).

3.    There is a legitimate and just presumption attending the material alteration of a bill or note, made subsequent to its execution and delivery, without the consent of the makers, and which operates to their injury, that it was done fraudulently :    2 Daniel, Neg. Inst. (4 ed.) § 1412 ; *Whitmer* v. *Frye*, 10 Mo. 221 ; *Robinson* v. *Reed*, 46 Iowa, 219.    It is important, therefore, in suing upon the original consideration, to rebut the presumption of fraud where it is shown that the change was purposely made ; and we are to consider whether it has been done in the present case as it affects the defendant Frank Savage. The complaint states how the change came to be made ; that it was wholly without the assent of Frank, while with the entire concurrence of his joint maker.    There is no specific allegation that it was innocently made, or without intent to defraud ; thus directly negativing the presumption.    Nevertheless, it is in a manner negatived by

the frankness with which the entire transaction is disclosed. However, the answer alleges that the change was fraudulently made, which the reply denies, and the whole case went to the jury upon the question whether or not the alteration was, in fact, fraudulent ; so that the case has been tried out upon the very hypothesis which, for want of alleged facts to support it, the defendants contend renders the complaint insufficient. Whenever the complaint contains allegations which, in their legal effect, are sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of an exact statement of such a matter will be cured by the verdict, as the fact would be the same whether the allegation of the complaint was complete or imperfect : *Booth* v. *Moody*, 30 Or. 222 (46 Pac. 884). In such a case there is a defective statement of a good cause of action, for which the verdict furnishes a remedy : *Olds* v. *Cary*, 13 Or. 362 (10 Pac. 786); *Drake* v. *Sworts*, 24 Or. 198 (33 Pac. 563). The first of these cases was upon an undertaking for an injunction, wherein the complaint failed to allege that the injunction was wrongful, or without sufficient cause ; and the latter was upon an attachment bond, a similar allegation being omitted. It was held that, although the complaint was insufficient, as challenged by the demurrer in the first instance, yet that the verdict cured it. We think, while it is not altogether free from doubt, that the present case falls within the doctrine. The proceedings are so nearly in line with such as were pursued in *Matteson* v. *Ellsworth*, 33 Wis. 488 (14 Am. Rep. 766), and sustained in the end, that we are constrained to regard that case as good authority in support of the present. There has been some criticism of the case as promulgating the doctrine that, although the alteration be material and fraudulent, yet recovery could be had

upon the original construction : 2 Daniel, Neg. Inst. (4 ed.) § 1413. But in this the author is in error. In *Gorden* v. *Robertson*, 48 Wis. 493 (4 N. W. 579), the distinguished jurist who wrote the two opinions in *Matteson* v. *Ellsworth*, says of the latter case that it "does not lay down any such doctrine, whatever may be the logical result of the decision. There the effect of an alteration of a promissory note by the payee, without the consent of the maker, made under an honest mistake of right, was considered ; and it was held that such an alteration would not prevent a recovery on the original consideration." We hold, therefore, that the complaint is sufficient upon which to charge the defendant Frank Savage, and, being sufficient as to him, it follows that it is also sufficient as to John Savage, Jr.; so that the demurrers, in the light in which we are now permitted to consider them, were properly overruled.

After the plaintiff had rested, the defendant Frank Savage took the stand in his own behalf, and testified substantially as follows : "On the morning of December 12, 1891, I went to Savage's, my cousin John's, residence, to borrow some money for myself and brother to invest in Myrtle Creek Mining Company, or in mines. I told him I wanted to borrow some money. I told him what it was for, and the amount. I asked him for a greater loan than he was able to let us have. He said he had three thousand dollars that was available, and, if that would do us, we could have it. And whether I told him just how many shares that would buy, I do not know ; but I told him that I wanted half of it, and my brother wanted half of it. He says, 'I would not like to let John have money alone ;' and he gave me his reasons, and he says, 'If you will make a joint note out of it, I will loan the money ;' that is, he would let John have what he asked for and me what I asked for. I got fifteen hundred dollars and my brother got fifteen hundred dollars, and so we all

went to the bank, and the note was made out. We signed the note, both of us, and the money was counted out on the counter to both of us, and Mr. Hammer was there, he being agent for the Myrtle Creek Mining Company, and he then and there delivered to me my two hundred shares, and to my brother his two hundred shares, and received the money in a pile.'' This testimony was stricken out by the court below, over the objection of defendants, and error is assigned. The defendants insist that the testimony tended to show a several liability against each of the defendants for $1,500, and not a joint liability for the whole amount, and, therefore, that he cannot recover as to either; or that he should have dismissed as to one of the defendants and proceeded against the other singly and for one-half the amount loaned, thus invoking the doctrine of misjoinder in bar of the action, either *pro tanto* or as a whole. But, whatever may be the force or tendency of the testimony, the defendants were not injured by striking it out, for the reason that their answer, in effect, admits the joint liability, and they cannot be heard to contradict it by the testimony. The answer states that the defendants applied to the plaintiff for a loan to each of $1,500, and for such loan they proffered their several promissory note for the sum of $3,000, and the loan was consummated upon that basis. The transaction, without question, created a joint liability for the whole sum loaned. The note is not pertinent evidence of the transaction where the action is upon the original consideration, but it is set out in the answer, so that it is made perfectly apparent that they proffered their joint as well as several obligation (1 Daniel, Neg. Inst. [4 ed.] § 94), which the plaintiff accepted accordingly, and advanced the money. The effect of the offer was to borrow on joint account, and the acceptance of that offer was the consummation of a joint undertaking on the part of the defend-

ants to repay the $3,000, and hence their joint liability to plaintiff became fixed, so that the action was properly prosecuted against the defendants jointly. This appears to us to be the most reasonable construction of which the answer is susceptible, and it is plain, therefore, that the striking out of the testimony of Frank Savage did not injure the defendants, or either of them, and they cannot, therefore, predicate error upon the action of the court in that respect.

4. At the instance of the plaintiff, the altered note was offered and received in evidence, but only for the purpose of throwing light upon the question whether the change was innocently or fraudulently made, and for this purpose it was competent.

5. The instruction requested by the defendants, as shown by the eleventh assignment of error, was properly refused, for the reason that it assumes the alteration was willfully made, which was a disputed fact in the controversy.

6. The legal propositions involved in the instruction requested, as shown by the twelfth assignment, were fully covered by the general charge, and no error, therefore, can be predicated upon the court's refusal to give it.

7. The court instructed the jury, among other things, that the plaintiff must assume the burden of proof to show that the change was made honestly, or in good faith, or under the honest belief that he had a right to make it, and that it was done without an intent to defraud the defendants, or either of them. In a subsequent paragraph it made use of this language : "It is presumed that the plaintiff is innocent of any crime or wrong, and you are entitled to consider that presumption in connection with the evidence about intent and honest belief of the plaintiff when you consider that question." It is contended that this latter paragraph is inconsistent with

the charge touching the burden of proof. But we do not think it can be so construed, or, at least, the jury must have fully understood from the court's entire instruction the precise question at issue, and have passed upon it intelligently. This disposes of all questions of vital importance attending the appeal, and, there being no reversible error, the judgment of the court below is affirmed.

AFFIRMED.