Argued at Pendleton October 25, modified November 16, rehearing denied and objections to cost bill overruled December 21, 1926, motion to recall mandate denied January 11, 1927.

# DALE SLUSHER, AS TRUSTEE, ET AL. *v.* W. F. COATES ET AL.

### (250 Pac. 617.)

**Appeal and Error.**

1. Parties not appealing from an adverse judgment are bound by findings of fact of trial court.

**Executors and Administrators.**

2. Where entire estate is made expressly subject to payment of debts of decedent, debts have priority over all other claims.

**Executors and Administrators—Indebtedness of Beneficiary to Testator at Time of Latter's Death Should be Considered as Advancement in Trustee's Suit Against Creditors of Beneficiary to Foreclose Lien for Moneys Advanced on Beneficiary's Share of Estate Based on Assignment.**

3. In trustee's suit against creditors of beneficiary to foreclose lien on beneficiary's share of estate based on assignment to secure money advanced, indebtedness of beneficiary to testator at time of latter's death should be considered as an advancement by testator, independent of any act of trustee, and his share reduced by that amount.

**Trusts—Trustee Wrongfully Advancing Sums to Beneficiary to Aid Him in Avoiding Payment to His Creditors is Personally Liable for Amounts Wrongfully Advanced if Beneficiary's Interest is not Sufficient to Satisfy Judgment of Creditor.**

4. Where trustee was expressly directed to distribute estate after all debts had been paid, advance payments by trustee to beneficiary to assist him in avoiding payment to his creditors was in violation of trust, and trustee is personally liable as a participant in the fraud for amounts wrongfully advanced if interest of beneficiary is not sufficient to satisfy judgment of creditor.

Trusts, 39 Cyc., p. 436, n. 76 New.
Wills, 40 Cyc., p. 1923, n. 91 New.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

MODIFIED.

For appellant W. F. Coates there was a brief over the names of *Messrs. Keator & Randall* and *Messrs.*

*Fee & Fee,* with oral arguments by *Mr. Chas. Z. Randall* and *Mr. Alger Fee.*

For respondents there was a brief over the name of *Messrs. Raley, Raley & Steiwer,* with an oral argument by *Mr. Roy Raley.*

BURNETT, J.—The defendant Coates on January 12, 1923, recovered judgment in the Circuit Court of Umatilla County against W. A. Slusher for upwards of $10,000 in an action which he had commenced against the defendant there on August 7, 1922.   The father of the defendant Slusher in that action had died December 6, 1921, leaving a will.   By the terms of that instrument, after giving directions about his burial and the payment of his debts and expenses of his last sickness, he gave, devised and bequeathed to Dale Slusher, another son, "all of the property of which I may die seized, or possessed, both real, personal and mixed, and wheresoever situated, such property to be held, controlled and managed, and disposed of, by him as such trustee, in the following manner: * * ."

As conditions of the management of the property, the testator provided, first, for the payment to his widow of a monthly allowance in such an amount as the trustee should deem necessary for her support and maintenance during the continuance of the trust. He next directed that his trustee should pay all his just debts and obligations, or such thereof as shall not have been paid by the executor during the administration of the estate.   The third condition reads as follows:

"Third, it is my will and I direct that my said trustee, after all of the debts of my estate have been paid, and immediately thereafter, distribute the rest,

remainder and residue of my estate in the following manner: The full one-fourth thereof, both real, personal and mixed and wheresoever situated, shall, after the payment of my debts as aforesaid, go to and become the absolute property of my beloved wife, Pearilla E. Slusher; the full one-fourth thereof shall go to and become the absolute property of my son, William Alvah Slusher; the full one-fourth thereof shall go to and become the absolute property of my son, Dale Slusher, hereinbefore named as trustee; and the full one-fourth thereof shall go to and become the property of my daughter, Edith Gulick, formerly Edith Slusher; it being my intention that my said trustee, after the payment of the debts of my estate, shall then distribute the residue of my property, share and share alike, and in equal shares, between my beloved wife, Pearilla E. Slusher, and my three children above named.''

The fourth, fifth and sixth clauses of the will related to what should be done with the estate in case either of his children or his widow should die previous to distribution. The seventh and eighth clauses, relating to distribution, are as follows:

''Seventh: All devises, bequests and gifts herein provided for are made subject to the payment of my just debts and liabilities and subject to and in accordance with the trust herein created.

''Eighth: I hereby will and direct that my said trustee, after the acceptance of such trust, and the receipt of my property from my executor hereinafter named, shall have full charge and management of my entire estate as trustee for the purposes herein provided, and direct that the said trustee from any moneys coming into his hands from any source,

''First, provide for the maintenance, support and comfort of my beloved wife, Pearilla E. Slusher, during the continuance of this trust.

"Second, that as fast as possible and convenient, with good management, he pay all my just debts and obligations;

"Third, that after all debts and obligations are paid, and all expenses of administration are paid, that he then and as soon as such debts are so paid, distribute my property to the several beneficiaries hereinbefore named, and in the shares and proportions hereinbefore specifically named, and that thereupon, this trust cease, and thereafter, the persons hereinbefore named shall enter at once, under this my will, into the absolute control, management and ownership of such share of my estate as they may receive into their possession under the provisions of this my last will and testament, and to the end that my beloved wife, Pearilla E. Slusher, shall be properly provided for, and to the end that all of my just debts may be paid promptly and with as little inconvenience as possible, and to the end that my beneficiaries may after the debts of my estate have been paid receive the property to which they are entitled under this will, I do now by this my last will and testament, vest my said trustee, Dale Slusher, with full power and authority, and do will and direct that he have power and authority to manage all of my said estate until my debts are paid, and that he sell, whenever in his judgment it may seem necessary or to the best interests of my estate, any real property or any personal property of which I may die possessed, and that he execute and deliver deeds as such trustee to any real property so by him sold, and that he execute and deliver as such trustee any writings or obligations which may be necessary in his judgment for the best interests of my estate, to the extent that if in his judgment he thinks best, he may execute and deliver mortgages upon any of my estate to secure any existing indebtedness. And I will and direct that all sales of either real or personal property, and all instruments in writing which in his judgment are necessary or proper to be executed in connection with the han-

dling of my estate shall be made by him by either at public or private sale as he may deem best, and without the intervention of any court or court order for such purpose."

He nominated his son, Dale Slusher, as executor and likewise as trustee. So far as the executorship was concerned, the estate was settled, the executor was discharged and the trustee succeeded to the custody and management of the property on April 10, 1923.

It is averred in the complaint that on September 28, 1922, W. A. Slusher was indebted to Dale Slusher, as executor, and to his father, the testator, in large sums of money, and that on that date an accounting was had between the debtor and the executor, whereby it was found there was a balance due and owing from W. A. Slusher to Dale Slusher, as executor, the sum of $40,540.28. On that date, it is said in the complaint, to evidence a portion of the indebtedness, W. A. Slusher executed and delivered to the executor his note payable on demand for the sum of $39,470.28, with interest from that date until paid at the rate of 8 per cent per annum, together with reasonable attorneys' fees. At the same time he executed another note to the executor for $1,070, with interest at 8 per cent per annum from that date, promising also to pay a reasonable attorney's fee in case suit or action should be instituted to collect the same.

On the dates here mentioned W. A. Slusher executed and delivered to the parties named the following notes, all at 8 per cent interest per annum in amounts as follows, all providing for recovery of reasonable attorneys' fees in any suit or action instituted to collect the notes:

| October 1, 1920. | Sturgis and Storie..... | $ 2,245.16 |
| August 31, 1922. | J. H. Raley and W. M. Peterson............. | 3,000.00 |
| Sept.   28, 1922. | Cozbi A. Pruitt.......... | 1,800.00 |

"On January 6, 1923," says the complaint, "for a valuable consideration, the same being moneys which the said Dale Slusher as such executor had advanced to the said W. A. Slusher, the defendant W. A. Slusher made, executed and delivered to Dale Slusher as trustee under the last will and testament of William Slusher, deceased, his promissory note in writing," for the sum of $2,832, with interest at 8 per cent from January 6, 1923, until paid, together with attorneys' fees.

On September 29, 1922, W. A. Slusher executed and delivered to Dale Slusher, as executor, and Dale Slusher, as trustee under the last will and testament of William Slusher, deceased, the following instrument of writing:

"KNOW ALL MEN BY THESE PRESENTS: That whereas the undersigned W. A. Slusher is indebted to the estate of William Slusher, deceased in the amounts hereinafter set forth and is indebted to other persons and,

"WHEREAS the undersigned W. A. Slusher has certain lands belonging to the estate of William Slusher, deceased, leased and it may in the future be necessary and desirable for the estate of William Slusher or Dale Slusher, trustee under the last will and testament of William Slusher, deceased, to advance other money to the said W. A. Slusher in order to protect the said leases and to enable the said W. A. Slusher to farm the said lands,

"Now, THEREFORE, I, W. A. Slusher in consideration of the premises do hereby sell, assign and transfer to Dale Slusher as executor of the last will and testament of William Slusher, deceased, and to Dale

Slusher trustee under the last will and testament of William Slusher, deceased, all my right, title and interest of every nature, in and to the property of the estate of William Slusher, deceased, and in and to all property, real and personal, which may at any time in the future be due or payable to me from the estate of William Slusher, deceased, or by Dale Slusher, trustee under the last will and testament of William Slusher, deceased, and I hereby authorize and empower the said Dale Slusher as executor or as such trustee as the case may be, to handle such property in any manner he may desire and to mortgage, encumber, sell or dispose of the same at such time and in such manner and upon such terms as he may deem best and to convert such property into cash and from the proceeds thereof to pay and satisfy the following obligations to-wit:

"From the first moneys available therefrom to pay a promissory note dated September 28, 1922, signed by me payable on demand to the order of Dale Slusher, executor in the sum of $39,470.28, together with interest thereon from September 28, 1922, until the same shall be paid.

"Second: When the said obligation shall be fully paid and satisfied to pay a certain note executed by me dated September 28, 1922, to the said Dale Slusher, executor, in the sum of $1070, due on demand with interest at 8 per cent per annum from September 28, 1922, until paid.

"Third: From the next money available to pay a certain promissory note for $3000 dated August 31, 1922, signed by me and payable on demand to the order of J. H. Raley and William M. Peterson with interest from date at the rate of 8 per cent per annum until paid.

"Fourth: From the next money available to pay a certain promissory note dated September 28, 1922, payable on demand to Cozbi A. Pruitt for the sum of $1800 with interest at 8 per cent per annum from date until paid.

"Fifth: From the next money available to pay a certain note dated October 1, 1920 to Sturgis and Storie for $2245.16, on which there has been paid as interest the sum of $156.21, leaving the amount of said note at this time $2447.14.

"Sixth: And from any moneys available at any time, whether or not the foregoing obligations have been paid and satisfied to repay to the said Dale Slusher as executor or as trustee or to the said Dale Slusher in his individual capacity any and all moneys which he shall have advanced to me for the purpose of enabling me to continue my farming operations or for any other purpose and any and all bills, accounts, notes or other claims which he may have guaranteed the payment of, either individually or in his capacity as executor or trustee, together with interest thereon at the rate of 8 per cent per annum from the day such sums were so advanced by him in whatever capacity.

"Seventh: If there shall remain any balance the said Dale Slusher shall repay himself all costs, charges and expenses of every nature which he has incurred in carrying out the provisions hereof, including all sums he may have been compelled to expend as attorneys fees on account of any of the matters set forth herein and shall retain and pay himself a reasonable compensation for his services in connection with the matters set forth herein and the balance remaining shall be paid to me or my assigns.

"And I hereby constitute and appoint the said Dale Slusher my true and lawful attorney in fact for me and in my name, place and stead to sell and dispose of any or all of my interest in any or all property, both real and personal, which I may have or may become entitled to from the estate of William Slusher, deceased, or from Dale Slusher, trustee under the last will and testament of William Slusher, deceased, upon such terms and at such time and in such manner as he shall see fit, hereby ratifying all that my said attorney may do in and by virtue of these presents.

"In Testimony Whereof, I hereunto set my hand and seal at Pendleton, Oregon, this 29th day of September, 1922.

               "W. A. Slusher. (Seal)"

This instrument was witnessed and acknowledged and recorded in the record of deeds of Umatilla County on the date of its execution.

The complaint sets out a statement of the personalty and realty belonging to the estate of William Slusher, states the names of the three children and widow of the decedent. It makes parties plaintiff of the trustee, Dale Slusher, and the parties to whom notes were given by W. A. Slusher, as stated. W. F. Coates, the holder of the judgment against W. A. Slusher, is made party defendant with W. A. Slusher and the latter's wife. The effort of the suit is to foreclose the instrument last quoted, declaring that Coates has some claim on the property involved but that it is inferior in time and subsequent in right to the liens of the plaintiffs by virtue of the instrument last quoted. In brief, the design of the complaint is to foreclose that instrument and to oust Coates from any claim in the property covered by the document.

Coates answered, in substance, reciting the commencement of his action, the recovery of the judgment, the issuance of execution thereon, the failure to find any property of W. A. Slusher, the judgment debtor, subject to execution, and the return of the writ unsatisfied in any part. He charges, in substance, that the instrument executed by W. A. Slusher was designed by him and by his brother, the trustee, and the beneficiaries therein to hinder, delay and defraud Coates in the collection of his judgment and demands that the document alluded to be canceled and held for naught and the property included therein be

subjected to payment of his judgment.   This is challenged by the reply.

The Circuit Court heard the case on the issues thus formed and found that the conduct of the trustee and his brother, W. A. Slusher, in the execution and delivery of the instrument sought to be foreclosed was fraudulent as against the defendant Coates and should not be permitted to stand in order to create a lien upon the interests of W. A. Slusher in the estate, but rendered a decree on the findings of fact and conclusions of law to the effect that the interest of W. A. Slusher in the estate should be sold by a commissioner and that the proceeds of such sale be applied:

"1. To the payment of the costs and expenses of said sale.

"2. To the payment to the plaintiff Dale Slusher as Trustee under the last will and testament of W. M. Slusher, deceased, of the sum of $29,876.74, together with interest thereon at the rate of 6 per cent per annum from December 6, 1921, until paid and for his costs and disbursements herein taxed at $——, against all defendants except W. F. Coates.

"3. To the payment of the defendant W. F. Coates of the sum of $10,173.88 with interest thereon at the rate of 6 per cent per annum from the 10th day of January, 1923, until paid.

"4. To the payment to the plaintiff Dale Slusher as Trustee under the last will and testament of W. M. Slusher, deceased, of the sum of $39,470.28 together with interest thereon at 8 per cent per annum from September 28, 1922, until paid and the further sum of $1500 attorneys fees from which amount, however, there shall be deducted such an amount as said Dale Slusher as Trustee shall have received under the first priority herein given him.

"5. To the payment to the plaintiff Dale Slusher as Trustee under the last will and testament of W. M.

Slusher, deceased, of the sum of $1070.00 with interest thereon at the rate of 8 per cent per annum from September 28, 1922, until paid and the further sum of $125 attorneys fees.''

and afterwards, in the order named in the instrument, the claims of the other parties mentioned therein, and lastly:

"9. To the payment to the plaintiff Dale Slusher as Trustee under the last will and testament of W. M. Slusher, deceased, of the sum of $2827.92 with interest thereon at 8 per cent per annum from December 31, 1923, until paid and the further sum of $250 attorneys fees.''

The defendant Coates alone has appealed. It appears in the record that other defendants began an appeal but afterwards abandoned it with the result that the only one here questioning the conclusion reached by the Circuit Court in its decree is the defendant Coates. The defendant W. A. Slusher and his wife made no appearance whatever in the suit and their default was entered.

The defendant Coates in his brief makes this statement:

"The circuit court found all the facts for which we contended were true. It drew therefrom certain conclusions but failed entirely to draw certain other equally obvious deductions. The net result of the decree is that although the court finds that W. A. Slusher was in fact engaged in a fraudulent scheme and though the Slusher heirs and particularly Dale Slusher assisted this purpose with knowledge of that purpose, appellant is entirely denied relief because he is unable to bid a tremendous sum to apply on the debt of W. A. Slusher before he can collect his own judgment.''

The court found that the total amount of the obligations of W. A. Slusher to his father at the time of

the latter's death was $29,876.74 and to that extent and in that amount, as a conclusion of law, established the claim of the trustee as paramount to all others, entitling it to be first paid out of the proceeds of the sale of the interest of W. A. Slusher in the estate. The defendant Coates claims that the conduct of the trustee in paying money to W. A. Slusher, in addition to this sum and in advance of the final settlement of the trust, makes the trustee a participant in the fraud and in the hindering and delaying of Coates in the collection of his debt, and demands personal judgment against the trustee to that extent.

1. We have then a case in court where a trustee holds his trust with power to manage the property and dispose of it for the purpose of paying debts and has brought into court an aliquot part of the trust estate, being the one fourth eventually destined to be delivered to W. A. Slusher and has invoked the power of the court to foreclose the claim of Coates and others against that share. Coates has followed the trustee into court and, finding there the *res* of W. A. Slusher's interest in the trust estate, has accepted the challenge to litigate the matters involved, to wit: the validity and priority of the claim of the trustee, and the priority of his own claim. The question is whether the Circuit Court reached the right conclusion from the facts found and conceded by all parties to be true. We say conceded by all parties because Coates specifically so declares in his brief. We say conceded by the other parties because they have not appealed and are deemed satisfied with the findings of fact as determined by the trial court.

2. First to be considered is the status of the claim of $29,876.74 in favor of the trustee and against the defendant W. A. Slusher. We have here a case

where an ancestor has left a will by the provisions of which the executor is required to dispose of both real and personal property, converting it into cash, sufficient to provide a fund for distribution among the creditors of the estate, eventually dividing the residue, if any, among the four devisees. The whole estate is made expressly subject to the payment of the debts of the decedent. They have the priority over everything else.

The case of *Stanley* v. *United States Nat. Bank*, 110 Or. 648 (224 Pac. 835), controls in principle the status of this claim of $29,876.74. In the opinion by Mr. Justice McCourt in that case it is said:

"It may be that in this state the doctrine of retainer or set-off properly cannot be asserted in respect to the real property of the estate in cases where the ancestor dies intestate or leaving a will which does not give the executor any powers beyond those expressly provided by the statutes, but in cases where, by the provisions of a will, the executor named therein is required or empowered to dispose of and convert both the real and personal property into cash and thereby provide a fund for distribution and division among the beneficiaries of the will, the weight of authority extends and applies the doctrine to the real property of the estate, holding that the equities which compel the rule concerning personal property are just as strong in favor of the same rule concerning real property: *Boyer* v. *Robinson*, 26 Wash. 117 (66 Pac. 119); *Oxsheer* v. *Nave*, 90 Tex. 568 (40 So. 7, 37 L. R. A. 98); *Ayers* v. *King*, 168 Mo. 244 (67 S. W. 558, 90 Am. St. Rep. 452), and earlier cases cited therein; *Streety* v. *McCurdy*, 104 Ala. 493 (16 So. 686); *Fiscus* v. *Moore*, 121 Ind. 547 (23 N. E. 362, 7 L. R. A. 235); *Devries, Trustee,* v. *Hiss*, 72 Md. 560 (20 Atl. 131); *Gosnell* v. *Flack*, 76 Md. 423 (25 Atl. 411, 18 L. R. A. 158)."

3. For the purposes of this case, the estate being solvent according to averments of the pleadings, this sum of $29,876.74 should be considered as so much payment in the nature of an advancement on account to W. A. Slusher as part of his share of the estate. Under the attendant conditions, it was a closed incident at the death of his ancestor. To hold it against W. A. Slusher, charging interest on the same, foreclosing and selling his estate, and then paying back to him a sum of money accruing from the same estate would be like taking money from one pocket and putting it into another of the same person, with the added effect, in this instance, that this perfunctory performance could be carried on in the very presence of one having a superior claim against the legatee in the very fund thus being manipulated. This sum of money should be laid out of the case as a past transaction amounting, by operation of law under the authority of *Stanley* v. *United States Nat. Bank, supra,* to a payment already made to W. A. Slusher, not happening by any act of the trustee.

4. It is to be noted that by the terms of the will, which are likewise the terms of the trust, the trustee is expressly directed to distribute the estate, not before, but "after all the debts of my estate have been paid." This is written large throughout the document. It appears in evidence, however, that after it was known that the action of Coates against Slusher had been commenced and even after the judgment had been rendered, the trustee with the avowed purpose of assisting his brother, the judgment debtor, to avoid paying some of his creditors, especially the defendant Coates, paid to him by devious methods large sums of money out of the property of the estate, all of which has been dissipated in this secret manner by

the judgment debtor. This advance payment by the trustee was in direct violation of the terms of his trust as declared by the will. The trustee was thus a direct participant in the fraud. To that extent he, in effect, wasted the estate. He should have that amount of money belonging to the share of his brother, W. A. Slusher, in his hands at this time and available in this suit, instituted as it has been, to the satisfaction of the Coates judgment.

It is stated in the brief of the trustee that subsequent to the date of the Coates judgment the trustee paid to W. A. Slusher out of the estate....$14,840.40
From this we deduct for amounts

    guaranteed by the trustee for
    W. A. Slusher prior to the
    rendition of the judgment as
    stated in the brief............$3,633.84

Also, for expenses in operating

    the ranch belonging to the es-
    tate, as stated in the brief... 2,377.60   6,011.44

      Leaving a balance of......        $8,828.96
for which, or so much thereof as may be necessary, Dale Slusher should be held personally responsible to the defendant Coates, if the sale of the interest of W. A. Slusher in the estate does not bring sufficient to satisfy the Coates judgment.

The decree will be modified, therefore, so as to exclude entirely from the scope of this suit the claim of $29,876.74, the same having been in legal effect paid to the defendant W. A. Slusher by the act of the testator independent of the trustee. The interests of W. A. Slusher in his father's estate shall be sold by the commissioner in the manner provided by the decree and the proceeds of the sale be applied to,

first, the payment of the judgment of the defendant Coates with interest thereon at 6 per cent per annum from January 10, 1923, until paid, together with costs and disbursements of this suit both in the Circuit and Supreme Courts and, next, to the payment of subsequent claims in the order and amount prescribed by the Circuit Court decree, with the proviso that if there be any deficiency in the payment of the Coates judgment with accompanying costs and disbursements in this suit, the defendant Coates shall have execution against Dale Slusher for such deficiency not exceeding $8,828.96. The appellant Coates will recover costs and disbursements both in the Supreme and Circuit Courts.

The instant cause is remanded to the Circuit Court for further proceedings in accordance with this opinion.                                      Modified.

Rand, J., absent.

Brown, J., does not participate in this opinion.