Argued at Pendleton October 31, reversed November 22, 1927.

DALE SLUSHER, TRUSTEE, ET AL. *v.* W. A. SLUSHER ET AL.

(261 Pac. 75.)

**Executors and Administrators—Amount of Loan Repaid by Surety's Executor Held Legitimate Charge of Estate, to be Deducted from Borrower's Share Under Will.**

1. Amount of loan, made by bank to beneficiary of will, with testator as surety, and repaid by executor, *held* a legitimate charge of estate against such beneficiary, to be deducted from his share under will dividing estate equally among four beneficiaries.

**Appeal and Error—Testamentary Trustee Could Appeal from Decree Entered on Mandate Dividing Estate Equally Among Beneficiaries, Notwithstanding Executor's Payment of Loan to One Beneficiary.**

2. Testamentary trustee, as successor of executor repaying amount of loan, made to beneficiary under will with testator as surety, *held* entitled and bound to appeal from decree entered on mandate, dividing remainder of estate equally among four beneficiaries, notwithstanding such payment.

---

Appeal and Error, 4 C. J., p. 1212, n. 54, p. 1243, n. 70.
Trusts, 39 Cyc., p. 294, n. 9.

From Umatilla: C. H. McColloch, Judge.

In Banc.

Reversed.

For appellants there was a brief over the names of *Messrs. Raley, Raley & Steiwer, Mr. H. J. Warner, Mr. A. S. Cooley* and *Mr. John F. Kilkenny,* with an oral argument by *Mr. Roy H. Raley.*

For respondents there was no appearance.

COSHOW, J.—1. This is an appeal from a decree entered upon a mandate from this court. It involves the sum of $29,876.74. Neither W. A. Slusher nor Adaline Slusher has appeared in this suit. Default was regularly entered against them. W. F. Coates has not appeared in this court in the instant proceeding. Pacific Coast Joint Stock Land Bank of Portland, Oregon, has not appeared. The only persons who seem to be interested in the present appeal are Dale Slusher, trustee, Pearilla E. Slusher, Dale Slusher and wife, Edith Slusher Gulick and husband, beneficiaries of the will of William Slusher, deceased. The opinion of this court in the former appeal is found in 120 Or. 338 (250 Pac. 617). The said sum was paid by plaintiff as executor of the last Will and Testament of William Slusher, deceased, to a creditor of defendant W. A. Slusher. During the lifetime of said decedent defendant W. A. Slusher borrowed from a bank in Pendleton said sum of money giving his father, the decedent, as surety. After the death of the father his executor paid the bank. The mandate of this court directed the Circuit Court to enter a decree "so as to exclude entirely from the scope of this suit, the claim of $29,876.74,

the same having been in legal effect paid to the defendant W. A. Slusher by the act of the testator independent of the trustee.'' The learned Circuit Court construed the sentence just quoted to mean that that large sum was not to be deducted from the interest of defendant W. A. Slusher in his father's estate, notwithstanding the payment for him of said large sum of money. We do not believe that the mandate will bear such a construction. That large sum was eliminated from consideration in the suit because it was not involved in the controversy decided therein. That sum was a legitimate charge of the estate against the defendant W. A. Slusher and should be deducted from his one-fourth share of said estate. The will of decedent William Slusher clearly directs his executor to divide his estate equally between the four beneficiaries. If, notwithstanding the payment of the $29,876.74 to W. A. Slusher's creditor, the remainder of the estate is divided equally between the four beneficiaries defendant W. A. Slusher would receive a large sum in excess of the amount received by the other three beneficiaries. Such a distribution is clearly contrary to the provisions of the will. The former opinion in this court, above, clearly shows that no such intention was in the mind of the court: *Slusher* v. *Coates* (120 Or. 338), page 351, (250 Pac. 617). The decree prepared by the attorneys for plaintiff upon the mandate should have been entered. The only difference between that proposed decree and the decree actually entered is that the charge of $29,876.74 in the former is against defendant W. A. Slusher's interest in the estate while in the latter that charge is made against the entire estate. The decree ap-

pealed from works a gross injustice to the other three beneficiaries of the will.

2. Plaintiff had the right of appeal to this court from the decree entered on the mandate: *Stewart* v. *Salamon*, 97 U. S. (7 Otto) 361 (24 L. Ed. 1044); *Randall* v. *Duff*, 104 Cal. 126 (37 Pac. 803, 804, 43 Am. St. Rep. 79). It was the duty of the trustee as successor of the executor of the will of the said decedent Slusher to appeal from that decree: *Ruch* v. *Biery*, 110 Ind. 444 (11 N. E. 312).

The decree of the Circuit Court is reversed and the decree as proposed by the plaintiff will be entered here.    REVERSED AND DECREE ENTERED.

BELT, J., absent.