Argued April 19, reversed May 23; petition for rehearing denied
June 13, 1950

# IN THE MATTER OF THE ESTATE OF
# HENRY J. MILLER, Deceased
# SECURITY INVESTMENT COMPANY,
### A CORPORATION, *v.* MILLER, Admtr'x.
#### 218 P. (2d) 966

*Robin D. Day,* of Salem, argued the cause and filed a brief for appellant.

*Bruce Spaulding,* of Salem, and *MacCormac Snow,* of Portland, argued the cause for respondent. On the brief was Bruce Spaulding, of Salem.

Before LUSK, Chief Justice, and BRAND, BELT, BAILEY and HAY, Justices.

HAY, J.

Henry J. Miller died, intestate, on September 13, 1946. Letters of administration upon his estate were issued to Annette I. Miller by the Circuit Court for Marion County, Oregon. One of the heirs at law was Mrs. Albertina Gribble, a sister of said decedent.

From a time beginning prior to June 26, 1915, and continuing until his death, decedent had been under guardianship as an incompetent person. Annette I. Miller, now administratrix of his estate, was, at the time of his death, and for many years prior thereto had been, guardian of his person and estate.

On December 29, 1948, the administratrix filed in said court the final account of her administration of decedent's estate. In said account, she alleged that Albertina Gribble was indebted to the estate in a sum in excess of $20,000, which included an unpaid judgment of said circuit court in favor of Annette I. Miller, as guardian aforesaid, against L. L. Gribble, Albertina Gribble and E. R. Gribble, dated June 26, 1915, in the sum of $5,658.30, besides $500 attorney's fees. The administratrix claimed the right to set off said indebtedness of Albertina Gribble against her distributive share in decedent's estate, which distributive share is $1,667.62, or thereabouts.

On January 14, 1949, Security Investment Company, a corporation, filed its objections to said final account, whereby it alleged that it was interested in said estate, in that it holds a valid judgment against said Albertina Gribble in the principal sum of $10,114.40, such judgment having been obtained in said circuit court on August 17, 1923, and renewed by orders of said court

made and filed respectively on August 15, 1933, and March 13, 1943; that no part of such judgment has been paid; and that objector has levied upon the interest of said judgment debtor in said estate. Objector denied that Albertina Gribble is indebted to decedent's estate in a sum in excess of $20,000, or in any sum, and denied that said estate held a valid judgment against Albertina Gribble in any sum.

After a hearing upon the final account and the objections thereto, the circuit court, on April 12, 1949, made and entered a decree sustaining said objections, disallowing the final account, ordering the administratrix "to make and file herein a true final accounting, showing the interest of said Albertina Gribble", and decreeing that, upon such accounting, the interest of Albertina Gribble be held pro tanto for the satisfaction of the objector's said judgment. From such decree, the administratrix has appealed to this court.

■ On the hearing, the court required the administratrix to open the evidence. It is suggested that this was error, but we think otherwise. The hearing was upon the administratrix's final account, to which objection had been made, and she had the burden of sustaining and establishing its correctness. *In re Lee's Estate,* 132 Or. 1, 17, 271 P. 994, 279 P. 850, 280 P. 342; *In re Roach's Estate,* 50 Or. 179, 194, 92 P. 118; 34 C. J. S., Executors and Administrators, section 895 b.

Error is assigned upon the court's decreeing that the administratrix had no right to retain in her hands the distributive share of Albertina Gribble, and apply the same in satisfaction of Mrs. Gribble's indebtedness to the estate.

■ The transaction which culminated in the guardian's judgment had its origin in a loan of $5,000 of guardianship funds by a former guardian. It appears that the money was borrowed by L. L. Gribble, Mrs. Gribble's husband, and that Mrs. Gribble personally received none of it. A promissory note for the amount of the loan was given by L. L. Gribble, Albertina. Gribble, and E. R. Gribble. It may be conceded that a promissory note is not a debt, but merely evidence of a debt. *Black v. Sippy,* 15 Or. 574, 576, 16 P. 418; *Savage v. Savage,* 36 Or. 268, 272, 59 P. 461. It does not follow, however, as the objector contends, that Mrs. Gribble's liability was confined to the note, and that she was not liable for the debt.

■ A debt is "a sum of money due upon contract, express or implied." 26 C. J. S., Debt, p. 2; *Neilson v. Title Guaranty & Surety Co.,* 101 Or. 262, 274, 199 P. 948. The original note was not offered in evidence. Mrs. Gribble testified that she and her husband, L. L. Gribble, borrowed money from the guardianship estate; this was perhaps thirty years ago; they borrowed $5,000 on the note involved herein, and later another $5,000; they gave a promissory note for each loan, and Mrs. Gribble signed both notes; the $5,000 involved herein was actually loaned to L. L. Gribble; Mrs. Gribble did not get any of the money; her understanding is that she was "just on the note as a guarantor" (the language is not that of Mrs. Gribble, but of counsel for the objector, in a question on cross-examination. Mrs. Gribble responded: "That is the way I understand it, but I feel responsible and feel I owe the estate."); she signed two notes. On this slender basis, counsel for the objector contend that Mrs. Gribble was not a co-maker of the note, but only

a guarantor. What arrangement there may have been between her and the other makers is immaterial. She signed the note. It was evidence of her debt as well as that of the other makers.

The judgment based upon the note was conclusive between the parties to the action and their successors in interest by title subsequent to the commencement of the action, as to all defenses which might have been asserted prior to its rendition. Section 2-718 (2), O. C. L. A.; *Ward v. Warren*, 44 Or. 102, 105, 74 P. 482; *Ruckman v. Union Ry. Co.*, 45 Or. 578, 581, 78 P. 748, 69 L. R. A. 480; *State ex rel. v. Kiessenbeck*, 167 Or. 25, 30, 114 P. 2d 147. The original debt became merged in the judgment. *Ryckman v. Manerud*, 68 Or. 350, 361, 136 P. 826, Ann. Cas. 1915 C 522; 30 Am. Jur., Judgments, section 150.

The guardianship, of course, came to an end upon the death of the Ward. 25 Am. Jur., Guardian and Ward, section 53. Annette I. Miller, as guardian, was under a duty, upon the termination of her trust, to settle her accounts with the court or with the ward's legal representatives. Chapter 524, section 18, subsection 5, Or. Laws 1947. As she is herself the decedent's legal representative, and as she appears to have treated the guardianship judgment as an asset of the decedent's estate, we have assumed, in the absence of objection, that it may properly be so regarded in this proceeding.

The weight of authority accords to an executor or administrator the right to retain in his hands the distributive share falling to a debtor of the estate, and to apply it in satisfaction of the debt. *Stanley v. United*

*States Nat. Bk.*, 110 Or. 648, 657, 658, 224 P. 835; *Slusher v. Slusher*, 123 Or. 108, 261 P. 75; 34 C. J. S., Executors and Administrators, section 494; Annotations, 1 A. L. R. 993, 75 A. L. R. 878. The judgment debt being an asset of the estate, it is the administratrix's duty to realize thereon for the benefit of creditors and distributees. *Stanley v. United States Nat. Bank,* supra. The rights of an attaching creditor or of an assignee of a distributee, with or without notice of the distributee's indebtedness to the estate, are no better than those which the distributee would have had if his distributive share had not been attached or assigned. *Stanley v. United States Nat. Bank,* supra; Annotations, 1 A. L. R. 1034, 75 A. L. R. 886; 21 Am. Jur., Executors and Administrators, section 463. The right of retainer has been described as the right to treat the distributive share as having been paid pro tanto out of assets of the estate which the debtor has in hand. 21 Am. Jur., Executors and Administrators, section 451, text and note 1; Anno., 1 A. L. R. 1030.

> "The right of an executor or administrator to retain a legacy or distributive share from a debtor to the estate, and apply it to the indebtedness, has long been recognized by the law as existing without any statute. It is not the technical right of set-off in actions at law. It is rather called in the old cases the 'right of retainer'. It is an equitable right of its own nature, and not at all dependent upon any statute. It is the plain moral, as well as legal, duty of the debtor to pay his debt to the estate. He has had the value from the estate. He ought in morals and law to restore it. It needs no statute to affirm this duty. It is self-evident." *Webb v. Fuller,* 85 Me. 443, 27 A. 346, 22 L. R. A. 177.

The objector insists, however, that the guardian's judgment against Mrs. Gribble is barred by the statute of limitations, and, therefore, that the right of retainer has been lost. His argument is based upon the pro-provisions of chapter 274, Oregon Laws 1943, which amended section 6-802, O. C. L. A., relating to judgments and judgment liens. Under the statute as it was before the amendment, a circuit court judgment might be renewed at any time before the expiration of ten years after entry thereof in the judgment lien docket, and as many renewals and re-entries thereof could be so made as the judgment creditor desired. The amendment limited the permissible number of renewals to one. There having been several renewals of the guardian's judgment prior to the amendment of 1943, the objector contends that the last attempted renewal, which was dated May 4, 1945, was in conflict with the statute as amended, and therefore inoperative.

■ We find it unnecessary to pass upon the question of whether such last renewal was valid or not. As stated above, the $5,000 note which was reduced to judgment was not the only promissory note executed by Mrs. Gribble and her husband in favor of the guardianship estate. There was another $5,000 note which they both signed. This note is still outstanding and unpaid, and no judgment has been secured thereon. The debt represented thereby, while barred by the statute of limitations, is nevertheless sufficient, as we have shown above, to sustain the administratrix in exercising the right of retainer in respect thereof.

In our opinion, the court erred in sustaining the objections to the final account of the administratrix herein. The decree appealed from will be reversed,

254

with costs, and the cause remanded for further proceedings not inconsistent herewith.

██ It is noted that the abstract of record contains considerable unnecessary matter. The prevailing party should not be entitled to recover her expenses for printing such unnecessary matter, and, if proper objection is made, this court will give due consideration thereto.