Argued December 8, 1966, affirmed in part, reversed in part
January 18, 1967

IN THE MATTER OF THE ESTATE OF
ROBERT W. SCHMEER, SR., DECEASED
WATTERS *v.* SCHMEER
422 P. 2d 676

*Leo Levenson,* Portland, argued the cause for appellant. With him on the brief was Howard P. Arnest, Portland.

*George I. Hansen,* Portland, argued the cause for respondent. On the brief were Hansen, Lekas & Dicey, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

The will of the decedent Robert W. Schmeer, Sr. provided that his residuary estate be distributed to a trustee. The trustee is authorized to apply the income from the estate for the benefit of the widow for her lifetime. Upon her death a named successor-trustee is to terminate the trust and divide the trust assets between two children. One of the children, Suzanne M. Watters, is a party to this proceeding. The other is Robert W. Schmeer, Jr. Ann M. Schmeer, the widow, was named as executrix of the will and as trustee of the trust estate. The probate of this estate had proceeded without objection to the filing of a final account. Suzanne M. Watters and the children of Schmeer, Jr., by their mother, Eunice Schmeer (she and Schmeer, Jr., are divorced) as guardian ad litem, filed objections to the final account. Some of the rulings of the court on the objections are made a part of this appeal. However, the real problem presented by the appeal is a *sua sponte* order of the court which required the executrix to account for certain notes that she held at their face value when they had been appraised at no value. The court also nullified the inheritance tax receipt that had been issued by the State

Treasurer on the basis of the original appraised value. The notes were ones that had been given by Schmeer, Jr. to his father during the last years of the latter's life.

The assets of the estate had been inventoried and appraised as required by statute. The inventory of the estate assets included the notes executed by Schmeer, Jr. However, the notes had been appraised at no value by the appraisers appointed for that purpose. The appraisal of no value was reported to both the State Treasurer and the Internal Revenue Bureau for tax purposes, and had been accepted by both taxing authorities. The estate and inheritance taxes had been paid on that basis and receipts from both authorities had been received. The court did not question the good faith of the original appraisal nor is there any doubt of the inability of Robert W. Schmeer, Jr. to pay these notes. The court applied the doctrine of retainer and held that the executrix was compelled by law to retain the son's interest in the estate for the payment of the promissory notes. On that basis the court summarily appraised the notes at face value and required additional taxes to be paid on the enhanced value. The executrix appeals.

The testator's will contained a spendthrift provision prohibiting any part of the distributive shares of any of the beneficiaries to be paid to or for the benefit of the beneficiaries' creditors. It is argued that a spendthrift provision is applicable to the executrix or to the trustee of the estate and that the executrix cannot, therefore, retain the share of Robert W. Schmeer, Jr. in this estate. The record before us makes it impossible to decide this question and, as we view the present state of the proceedings, the question is premature.

Although *Security Inv. Co. v. Miller,* 1950, 189 Or 246, 251, 218 P2d 966, and *Stanley v. United States Nat. Bk.,* 1924, 110 Or 648, 224 P 835, relied on by the trial court, do adopt the doctrine of retention, the cases do not sustain the present right of the executrix in this estate to retain Schmeer Jr's. interest in the trust estate. Both of the cited cases affirmed the right of an executor or administrator to retain the distributive share of a debtor of the estate. However, in each case, the distributive share was to be handed directly from the probate estate to the debtor.

This is quite different than the situation in the present case where the executrix has nothing to distribute to the debtor. If there is a right of retention here it would appear to be with the trustee of the residuary estate. What the trustee will do, remains to be seen. The will gives to the trustee power to make distribution in kind. If the notes are not paid by that time presumably the trustee would, or at least could, distribute them to Schmeer, Jr. as part of his distributive share of the estate. Furthermore, the court ordered the executrix to take action to reduce the notes to judgment. And the record reveals that a suit has been filed to remove Ann Schmeer as the designated trustee. What effect these latter proceedings may have on the distribution to the trustee and of the eventual distribution of the trust estate, we do not know. We are satisfied that the issue of retention is not ripe for decision.

██ And, even a cursory examination of the authorities reveals that whether or not the distributive share of an indebted spendthrift beneficiary may be retained may depend largely on the intent of the testator. See Restatement, Trusts (2d 1957) § 251A, and 3 Scott, Trusts (2d ed 1956) 1991, § 251. There is insuf-

ficient evidence in the record now before us which
would permit the court to make an intelligent choice
of the law to apply.

Since we decline to presently decide the retention
question we look to the court's pre-emptory order
changing the appraised value of the notes.

ORS 116.405 et seq. provides generally for the
inventory and appraisal process in the probate of
estates. ORS 116.435 declares that debts of all kinds
due the estate are to be appraised at the value which
the appraisers may believe could be realized from the
debts by due process of law. ORS 118.610 to 118.700,
inclusive, makes additional provision for the appraisal
of estates for inheritance tax purposes. As we have
indicated before, there is nothing in the record of this
proceeding which casts any doubt on the process by
which the appraisers were appointed, how they ap-
praised the estate originally, or that questions the
good faith or conduct of the appraisers or the execu-
trix. It appears in the record from the testimony of
the attorney for the executrix that a copy of the in-
ventory and appraisal was filed with the State Treas-
urer together with the report to the State Treas-
urer of all the other assets and the relevant facts
and documents necessary for the determination of
inheritance taxes, as required by subsection (2) of
ORS 118.660. Apparently both the State Treasurer
and Internal Revenue Service were satisfied with the
appraisal.

The record does not justify the action taken by the
court. ORS 118.660 provides that the assets of the
estate be appraised at the true value as of the date
of the decedent's death. Other than the determination
of no value made by the original appraisers and which
was approved by the court and by the State Treasurer

and the Internal Revenue Service, there is not one word of evidence in this record to indicate what the value of the notes executed by Robert W. Schmeer, Jr. may have been.

■ In the absence of an assertion of bad faith on the part of the original appraisers we can find no reason in the record before us to disturb the original appraisal or the determination of the amount of inheritance taxes due the state of Oregon. That appraisal and determination are reinstated.

The claims of error as to the other rulings made by the court on the objections to the final account are without merit and those rulings are affirmed.

Costs to neither party.