In the Matter of the ESTATE of F. W. BRENNAN, aka Frank W. Brennan, aka Frank William Brennan, aka Frank Brennan, Deceased.

Dorothy E. RAMER, Administratrix With the Will Annexed of the Estate of F. W. Brennan aka Frank W. Brennan, aka Frank William Brennan, aka Frank Brennan, Deceased, Appellant,

v.

Frances L. SAGER, Appellee.

No. 3604.

Supreme Court of Wyoming.

Nov. 14, 1967.

R. C. Yonkee and Lyman B. Yonkee, Thermopolis, Lawrence A. Marty, Green River, for appellant.

H. S. Harnsberger, Jr., Lander, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Following the death of F. W. Brennan, January 31, 1964, the Probate Court of Fremont County appointed Dorothy Ramer, a daughter, first as administratrix, and later

upon the discovery of a will, administratrix with will annexed of deceased's estate. She listed in the Inventory and Appraisement filed May 15, 1964, "Loan heretofore made by F. W. Brennan prior to demise to C. W. Brennan, et ux., and upon which there is a balance due and owing in the amount of $2,500.00 plus accrued interest. Appraised at:—$2500.00." Notice to creditors was published February 20, 27, and March 5, 1964. For our purposes here, the probate continued in the normal manner and a "Final Report, Account and Petition for Distribution" was filed on February 9, 1966, with notice thereof published January 18, February 1 and 8, 1966. On February 16 the administratrix was served with a "Garnishee Notice and Summons" in Civil Case 13081 in Fremont County in the cause of Frances L. Sager, Plaintiff, v. C. W. Brennan, Defendant, and answered in part that C. W. Brennan was:

"* * * not entitled to receive any money or other assets whatsoever from the * * * Estate for the reason that, at the commencement of the Estate * * * [he] was indebted to said Estate in the approximate amount of $2,500.00, of which amount * * * [he] would have been entitled to his share thereof by reason of being an heir as to 42.50% of said Estate, which share would be $1,062.50, leaving a balance of $1,437.50 owing to the remaining heirs, and that * * * [Ramer] does claim that there was set aside $1,437.50 or its equivalent in property, to pay the remaining heirs the debt owed by * * * [Brennan], and that, had * * * [he] not assigned all his right, title, and interest in said Estate to Inez Brennan, * * * [he] would have been entitled to $1,772.28 in cash, less $1,437.50 owing to the remaining heirs, leaving a balance due him, excepting for said assignment, of $334.78, but that, in any event * * * [he] did assign all his right, title, and interest in said Estate to Inez Brennan during the month of February, 1964, * * * thereby leaving nothing in the hands of * * * [Ramer] to be garnished * * *."

On March 2, 1966, the court entered an order approving final settlement and making distribution, ordering inter alia distribution of the mentioned balance to Inez Brennan as assignee of C. W. Brennan. No immediate objection was registered to this and no effort made to set it aside. However, on May 11, Frances L. Sager filed in the probate court an "Application for Suspension of Letters of Administration, and Application for an Order to Show Cause Why Letters Should Not Be Revoked," which among other things challenged the garnishment answer of the administratrix as being ambiguous and attempting to conceal C. W. Brennan's true assets and improperly purporting to resolve his priority interests; the application insisted that Mrs. Sager, as a judgment creditor and attaching creditor of the interest of C. W. Brennan in the estate, was entitled to a hearing concerning the subject matter of the application and that because of the administratrix's alleged mismanagement of the estate the letters of administration should be suspended and an order issued to show cause why they should not be permanently revoked.

The administratrix on May 19 filed a "Report and Petition" in which she related certain circumstances regarding Civil Action 7592 in Sweetwater County in the cause of Frances L. Sager, Plaintiff, v. Dorothy E. Ramer, Administratrix with the Will Annexed of the Estate of F. W. Brennan, Deceased, Defendant, and attached thereto a copy of the Sweetwater complaint where Civil Case 13081 in Fremont County was described—said complaint praying that defendant Ramer be required to appear in open court for a special examination pursuant to the requirement of § 1–237, W.S. 1957, and for judgment in favor of the plaintiff Sager for the amount of property and credits of every kind of C. W. Brennan in the possession of defendant Ramer.

There was a hearing in the probate court on the above-mentioned Sager petition June

21, 1966, and on October 25, 1966, that court entered its order dated June 21, 1966, adjudging, inter alia, that the decree of distribution theretofore entered on March 2, 1966, remain in full force and effect; reciting that the administratrix had performed her duties in the proper manner and not mismanaged the estate in any way; decreeing that Frances Sager had no interest in the estate except insofar as she had brought a suit against one of the deceased's heirs and had caused the administratrix to be served as garnishee and that the claim of the estate against C. W. Brennan was a valid claim; and ordered that the administratrix must recognize the assignment by C. W. Brennan to Inez Brennan and that the claim of the estate against him had precedence over the assignment, and that the administratrix retain the money then remaining in the estate ($2,290.17), paying out none except necessary expenses and attorney fees until further order of the court. Thereafter on November 10, 1966, Frances L. Sager filed a "Motion to Vacate and Amend Order and Decree to Show True Facts," and on the same day without issuing notice and as an ex-parte matter, the court issued an order vacating the October 25 order and decreeing that Mrs. Sager's application for suspension of letters be overruled, that the administratrix should withhold the distributive share of Charles W. Brennan pending the final judgment entered in Civil No. 7592 in the District Court for Sweetwater County, Wyoming, "wherein that Court has jurisdiction to adjudicate the claim of said estate for a debt allegedly owing by Charles W. Brennan to the Estate"; [1] and that it as a probate court had no jurisdiction to adjudicate the claimed offset to the Estate of F. W. Brennan, Deceased, against the heirship of Charles W. Brennan, or as against an attaching creditor of the interest of Charles W. Brennan in and to the estate.

The administratrix has appealed from the November 10 order, alleging:

1. The court erred in the November 10 order in vacating its order under date of June 21, 1966, and filed October 25, 1966, ex parte without notice.

2. The court erred in finding that the District Court of Sweetwater County had jurisdiction to adjudicate the claim of the estate against C. W. Brennan.

3. The court erred in finding that it lacked jurisdiction to adjudicate the claimed debt and then to offset the same against the distributive share of C. W. Brennan, sitting as a probate court.

4 and 5. The court erred in issuing an order and making findings that in effect set aside its previous decree and order of March 2, 1966, wherein the property was distributed to the respective heirs, including the money retained for payment of the debt of C. W. Brennan owing to the estate, and ordering the administratrix to hold the distributive share of the other heirs after issuance of its March 2 decree.

6. Because Frances L. Sager is neither an heir, distributee, legatee, nor creditor as to the estate, the court erred in considering her petition in that she was not an interested party to the estate within the statute.

7. The court erred in considering the petition of Frances L. Sager in that she failed to file any objection to the final report before the time had expired for objections to be filed.

8. The court erred in finding that it could not adjudicate or decide that the debt owing to the estate from C. W. Brennan had precedence over and against the Sager claim.

As to appellant's first point—that the court erred in vacating its earlier order ex parte without notice to the administra-

---

1. According to appellee, the trial judge in Case 7592 "had a hearing on a motion for summary judgment and indicated that he felt that the Probate Court was the proper forum by which a set-off or a claimed indebtedness owing by one of the heirs to the estate must be adjudicated and determined."

trix—she points out that the motion to vacate and amend was filed on the same day as the hearing, with no notice given, and she cites Rules 6(d), 59(e), and 60(b), W.R.C.P., as well as §§ 1–325 and 1–328, W.S. 1957. Although appellee maintains that pursuant to the authority granted the court by Rule 60(a), W.R.C.P., concerning clerical mistakes, it had the right to vacate and set aside the order without notice and upon ex parte motion, we find no merit in this argument. The November 10 order effected a complete reversal of the judge's earlier decree. A view that the October order contained a "clerical error," which could be changed without notice to the administratrix is contrary to the spirit of proper judicial administration. The safeguards of the cited rules and statutes were thus vitiated and such error necessitates reversal.

Notwithstanding disposition of the cause for such procedural violation, the other points raised in the appeal require some discussion. It would seem appropriate to consider appellant's second argument (that the court erred in its finding that the Sweetwater District Court had jurisdiction to adjudicate the claim of the estate against C. W. Brennan) together with her third contention (that the court erred in finding it lacked jurisdiction to adjudicate the claimed debt and then to offset the same against the distributive share of C. W. Brennan, sitting as a probate court). Appellant cites many cases in support of this jurisdictional matter, and appellee states that she is "in tacit agreement with most of the authorities cited * * * regarding the jurisdiction of the Probate Court in Fremont County." However, appellee's counsel goes on to state, "where is that [a reversal of the probate court's finding]

going to leave the appellee in her asserted effort to attempt to show, and this is what we have been attempting to have heard in one forum or the other, that the claimed off-set by the Administratrix truly and in fact has been paid * * * during the lifetime of F. W. Brennan, Deceased."

■ This court has not heretofore had occasion to address itself to this specific problem. While there is some conflict in other jurisdictions,[2] it would appear that under § 2–3, W.S. 1957, the court granting the letters had exclusive jurisdiction to make settlement and distribution of the decedent's estate and to the end of determining the share of each distributee should inquire into and determine the indebtedness of a distributee to the estate and order a deduction of the same from his share. Thus, we conclude that the court did err in finding that it lacked jurisdiction to adjudicate the claimed debt and the offset. Since we hold this to be a probate matter which should be handled and disposed of in the probate court and not within the scope of our previous cases of State ex rel. Sheehan v. District Court of the Fourth Judicial District, in and for Johnson County, Wyo., 426 P.2d 431; In re Stringer's Estate, 80 Wyo. 389, 426, 343 P.2d 508, 345 P.2d 786; and Church v. Quiner, 31 Wyo. 222, 224 P. 1073, we hold also that the trial court was in error in finding that the District Court of Sweetwater County had jurisdiction to adjudicate the claim of the estate against C. W. Brennan.

■ Although appellant lists in her statement of points in the record four and five separately, they seem to constitute a single challenge and are so presented in both the brief and oral argument, namely, that the court erred in setting aside the decree of March 2, 1966. Among other

---

2. Annotations, 1 A.L.R. 991; 30 A.L.R. 775; 75 A.L.R. 878; 110 A.L.R. 1384; 164 A.L.R. 717. Our probate court statutes follow the California code and In re Berk's Estate, 196 Cal.App.2d 278, 16 Cal.Rptr. 492, 494–495, states, "It is the general rule that the amount of an indebtedness of an heir or distributee to

the estate may be deducted from his share. * * * Despite some uncertainty in the decisions, California appears to apply the doctrine of the right of retainer in the ordinary case of debts of money owed where there existed a relation of creditor and debtor between the deceased and the distributee."

authorities, reference is made to one of the annotations under § 2–192, W.S. 1957:

> "The language of § 234 of Probate Act [Kerr's Cyc Codes of California, Civil Procedure, § 1635, repealed 1931] is 'That any person interested in estate may appear and file exceptions in writing to account, and contest same,' not that any person that way inclined may do so. It is duty of court to carefully scrutinize accounts of executors and administrators and correct all errors found in law or fact, and it is right of all creditors and distributees of estate, if so disposed, to contest same; but right to do so is expressly restricted to them. There is in this respect no distinction between this and like cases and other suits or legal proceedings. Garwood v. Garwood, 29 Cal. 514 * * *."

A reading of the Garwood case will disclose that a garnishing creditor of a distributee was not there under discussion, that the principle enunciated is as most only dicta and is unpersuasive on the issue here argued. Without delineating other authorities cited on these two points, it may be said generally that they tend to hold a decree of distribution issued according to statutory requirements to be final and res judicata as to all questions which should have been raised at the hearing provided by law. Such principle is, of course, unassailable but is of little import here since under the first point discussed, the November 10 order has already been held unwarranted, and no other question has been properly presented to this court.

■ As to appellant's sixth and seventh points, i. e., the court erred in considering Mrs. Sager's petition since (a) she was not an interested party within the statute and (b) she had failed to file any objection to the final report before the time had expired for objection, it is true that even were Mrs. Sager an interested party no timely objection appears to have been made by her. However, appellant's claim that Mrs. Sager was not an interested party is based on the annotation under § 2–192, heretofore noted in our discussion of points four and five. It is apparently not unusual for a creditor of a distributee to file objections to a final account as an interested person, In re Miller's Estate, 189 Or. 246, 218 P.2d 966; but since the point is not here critical, we specifically decline at this time to rule on the matter. It should perhaps be noted that in the absence of a statute so providing, a legacy or a distributive share is not ordinarily subject to attachment or garnishment in the hands of an administrator until after the decree of distribution,[3] the attaching creditor taking only such rights or interest as his debtor has at the time of the service of the writ of attachment.[4] Considering the status of the case and the circumstances shown by the record, we find it unnecessary to decide whether under proper service a garnishor of a distributee might question an administrator's deduction of an amount owed the deceased; neither is it essential to discuss the contention of appellant in her eighth point that the court erred in finding that it could not adjudicate or decide that the debt owing to the estate from C. W. Brennan had precedence over and against the claim of Mrs. Sager.

The order must be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

3. Annotation, 59 A.L.R. 768; Orlopp v. Schueller, 72 Ohio St. 41, 73 N.E. 1012; and see Flaks, Inc. v. De Berry, 53 Wyo. 203, 79 P.2d 825, 116 A.L.R. 1191.

4. In re Bennett's Estate, 13 Cal.2d 354, 90 P.2d 84, 89, 126 A.L.R. 771; Hustad v. Reed, 133 Mont. 211, 321 P.2d 1083, 1088.