**Robert G. PRICE and James L. Price, Appellees,**

**v.**

**Jerry L. MIZE, Appellant.**

**No. 54646.**

Supreme Court of Oklahoma.

April 28, 1981.

Rehearing Denied June 8, 1981.

James H. Ivy, Waurika, and Justus Hefley, Anadarko, for appellees.

Morrel, Herrold, West, Hodgson, Shelton & Striplin, P. A. by Donald E. Herrold, and George L. de Verges, Tulsa, for appellant.

HODGES, Justice.

The question presented is the proper venue for collection of a promissory note where the maker resides in one county, negotiates a loan in a second county, and executes a promissory note for the loan in a third county.

An action was filed in the District Court of Jefferson County by Robert G. Price and James L. Price, appellees, to recover on a

promissory note executed by Jerry L. Mize, appellant, in Oklahoma County, Oklahoma. Mize filed a special appearance, plea to the jurisdiction, and a motion to quash, asserting improper venue. The hearing revealed that: 1) Mize was a resident of and was served with summons in Osage County; 2) the contract for the loan of $75,000.00 at nine percent interest was initiated, negotiated and consummated in Waurika, Oklahoma, and was expressly made payable at the Waurika National Bank in Jefferson County, Oklahoma; 3) the promissory note on which suit was filed was signed by Mize and delivered to Robert G. Price in Oklahoma City, Oklahoma County, Oklahoma. The trial court overruled the appellant's motions and he sought a writ of prohibition before this Court which was denied in Case No. 53,766. The cause was heard on the merits December 12, 1979, and a judgment of $98,-936.85, plus interest, was entered against Mize.

Appellant asserts [1] that his right to be sued in the county where he resides is a valuable and substantial right which is not to be denied upon a strained or doubtful construction, and that any exception to this right is to be strictly construed.

It is conceded by the parties that 12 O.S. Supp.1978 § 142,[2] which provides the proper venue for collection of a note is in any county in which venue may be properly laid as now provided by law, or in the county in which the debt was contracted, or in which the note or other instrument of indebtedness was given, is controlling. Appellant contends that venue could only lie in Osage County where Mize resides or in Oklahoma County where the note was executed. Appellees argue that venue properly lies in three counties: 1) in Jefferson County where the contract was made, 2) in Oklahoma County where the note was signed, or 3) in Osage County where the petitioner resides. We agree with appellees.

■ A promissory note is an unconditional written promise, payable to order or to bearer, signed by the maker, in which the maker agrees to pay a fixed sum of money on demand or at a definite time.[3] A debt is a sum of money due upon either an express or an implied contract.[4] The promissory note is not a loan or a debt, it is only the evidence of indebtedness from the maker to the payee.[5]

■ The evidence is undisputed that the debt was contracted in Jefferson County and that the note was executed in Oklahoma County. The conversations, negotiations and conditions set forth in the note were agreed to in Waurika, Oklahoma. The contract was made in Jefferson County, and the note was prepared there. As a matter of convenience to Mize the formalized agreement was signed in Oklahoma County. The Legislature obviously contemplated an identical situation when it provided, in addition to the county where the maker resides, for venue in the county where the debt was contracted, as well as where the note or other instrument of indebtedness was given.

AFFIRMED.

All the Justices concur.

---

1. Appellant relies on *Jones v. Brown*, 516 P.2d 546 (Okl.1973); *Graham v. Mid-Continent Coaches*, 302 P.2d 777 (Okl.1956).

2. It is provided by 12 O.S.Supp.1978 § 142:
   The venue of civil actions for the collection of an open account, a statement of account, account stated, written or oral contract relating to the purchase of goods, wares or merchandise or for labor, or for the collection of any note or other instrument of indebtedness shall be, at the option of the plaintiff or plaintiffs, in either of the following:
   (a) in any county in which venue may be properly laid as now provided by law; or
   (b) in the county in which the debt was contracted or in which the note or other instrument of indebtedness was given.

3. See 12A O.S.1971 § 3–104(1), (2); *Iowa State Savings Bank v. Wignall*, 53 Okl. 641, 157 P. 725 (1916).

4. *Security Inv. Co. v. Miller*, 189 Or. 246, 218 P.2d 966, 967 (1950).

5. *Mortgage Associates, Inc. v. Monona Shores, Inc.*, 47 Wis.2d 171, 177 N.W.2d 340, 347 (1970); *Gregory v. Williams*, 106 Kan. 819, 189 P. 932, 933 (1920).